**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **EB INTERNATIONAL, LLC** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **Civil Action No. _____** |
| v. | § | |
| | § | |
| **AGCS MARINE INSURANCE** | § | **JURY** |
| **COMPANY; VERICLAIM, INC.;** | § | |
| **and JAY ADAME,** | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT
AGCS MARINE INSURANCE COMPANY'S
NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant AGCS MARINE INSURANCE COMPANY ("AGCS"), which is incorrectly identified or described as "Allianz Global Corporate & Specialty" in the case caption in Plaintiff's Original Petition filed in state court,[1] respectfully serves notice of its removal of this case from the 93rd Judicial District Court of Hidalgo County, Texas, under 28 U.S.C. § 1441 and § 1446.  AGCS invokes the Court's federal diversity jurisdiction under 28 U.S.C. § 1332.

**I.   NATURE OF THE SUIT**

1.   This is a dispute over the amounts paid by AGCS to the Plaintiff on an insurance claim for property damage.  Plaintiff contends that this Defendant has breached their contract by failing to adequately compensate the Plaintiff for damages allegedly caused to the Plaintiff's property by a severe thunderstorm purportedly occurring on May 31, 2016.  Plaintiff seeks recovery of damages purportedly caused by the referenced storm but which allegedly were not

---

[1] Plaintiff correctly named and served "AGCS Marine Insurance Company" in the citation which was issued by the Hidalgo County District Clerk on December 7 and served on AGCS's registered agent for service of process on December 20, 2016.

paid by AGCS. Plaintiff furthermore seeks to recover extra-contractual damages at common law for AGCS's alleged breach of the duty of good faith and fair dealing, as well as statutory damages under the Texas Deceptive Trade Practices Act and the Texas Insurance Code.

## II.    PROCEDURAL BACKGROUND

2. On September 30, 2016, Plaintiff instituted this suit by filing Plaintiff's Original Petition in the 93rd Judicial District Court of Hidalgo County, Texas, which was assigned Cause No. C-4530-16-B ("the State Court Action"). Plaintiff timely demanded a jury in state court. See Exhibit 2.A. attached hereto.

3. Plaintiff served AGCS with its Original Petition in the State Court Action on December 20, 2016, by serving AGCS's registered agent for service of process, CT Corporation System, by certified mail. See Exhibit 1.C. attached hereto.

## III.    TIMELINESS OF THE REMOVAL

4. This Notice of Removal is timely in all respects. As required under 28 U.S.C. §1446(b)(1), this Notice of Removal is being filed within thirty days of AGCS's December 20, 2016, receipt of service of the Plaintiff's Original Petition in the State Court Action. Furthermore, this removal is being filed within one year of the date that the State Court Action was instituted on September 30, 2016, as required under 28 U.S.C. § 1446(c)(1) when the removing defendant is invoking the Court's diversity jurisdiction.

## IV.    ALL DEFENDANTS CONSENT TO THE REMOVAL

5. The undersigned counsel also represents the remaining Defendants in this action, Vericlaim, Inc. and the individual claims adjuster, Jay Adame. These Defendants consent to the removal as required under 28 U.S.C. § 1446(b)(2)(A).

## V.     Venue

6.     Venue is proper in this Court under 28 U.S.C. § 1446(a) because this district and division encompass the venue where the State Court Action is pending, i.e., Hidalgo County, Texas.  See, Plaintiff's Original Petition attached hereto as Exhibit 2.A.  Venue also is proper in this Court under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the State Court Action allegedly occurred in this district and division.  See, Plaintiff's Original Petition at pp. 2-3, attached hereto as Exhibit 2.A.

## VI.    JURISDICTIONAL BASIS FOR REMOVAL

7.     This Court has original jurisdiction in this matter under 28 U.S.C. §1332, as this is a civil action where there is complete diversity of citizenship between all parties *properly* joined, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.  This action may be removed under 28 U.S.C. § 1441(b)(2), as AGCS is not citizen of the State of Texas, where the action was brought.

### A.     Amount In Controversy Exceeds $75,000

8.     The amount in controversy necessary to establish federal diversity jurisdiction exceeds $75,000.  Because this case initially was filed in a Texas state court, Rule 47 of the Texas Rules of Civil Procedure requires a plaintiff to state the amount of monetary relief it seeks.  See TEX.R.CIV.P. 47(c).  In its Original Petition, Plaintiff affirmatively states that it seeks more to recover more than $1,000,000 in monetary relief.  See Exhibit 2.A. attached hereto, Plaintiff's Original Petition at p. 8, under paragraph VIII., its Rule 47(c) Statement.

### B.     Diversity of Citizenship of All Parties Properly Joined

9.     Plaintiff is a citizen of the State of Texas for jurisdictional purposes.  It is a limited liability company formed under the laws of the State of Texas, and it maintains its

principal place of business in Hidalgo County, Texas.

10. Defendant AGCS Marine Insurance Company ("AGCS") is a citizen of the State of Illinois for jurisdictional purposes. AGCS is a corporation formed under the laws of the State of Illinois and which maintains its principal place of business in Chicago, Illinois.

11. Defendant Vericlaim, Inc. ("Vericlaim") is a citizen of the States of Delaware and Illinois for jurisdictional purposes. Vericlaim is a corporation formed under the laws of the State of Delaware and which maintains its principal place of business in Naperville, Illinois.

12. Defendant Jay Adame ("Adame") is a citizen of the State of Texas. Adame's joinder, however, is improper under current Fifth Circuit law and his citizenship may be disregarded in assessing the presence of federal diversity jurisdiction. See, e.g., *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004) (a case may be removed despite the presence of a non-diverse defendant if that defendant was improperly joined).

### C. Improper Joinder of the Individual Claims Adjuster, Jay Adame

13. The doctrine of improper or fraudulent joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *Borden v. Allstate*, 589 F.3d 168, 171 (5th Cir. 2009). In essence, a federal court may ignore an improperly joined, non-diverse defendant when determining its subject-matter jurisdiction. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc), cert. denied, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005).

#### 1. Standard for Finding Improper Joinder of Non-diverse Defendant

14. AGCS, as the party seeking removal, bears the burden of proving that a non-diverse party was improperly joined. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).

15. To determine whether a non-diverse defendant has been improperly joined, the Court must find either (1) that the Plaintiff has fraudulently alleged Defendant Adame is non-diverse or (2) that the Plaintiff has failed to state a viable claim against Adame, the non-diverse defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

16. Here, AGCS is not asserting fraud by the Plaintiff in its pleading of jurisdictional facts. AGCS asserts the second basis for finding improper joinder: that the Plaintiff has failed to state a viable claim against Adame. To meet its burden, AGCS must demonstrate that there is no reasonable basis for the Court to predict that the Plaintiff might be able to recover against Adame, the non-diverse defendant. *McDonald v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005).

17. In making this determination, a federal court must look to the original state court pleading. Beginning with the Fifth Circuit's opinion in *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 205 (5th Cir. 2016), however, the Court must apply the more-stringent federal pleading standard.

18. In determining whether a pleading states a claim states a viable claim against the non-diverse defendant, the Court is to conduct a Rule 12(b)(6)-type analysis. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d at 573. This Rule 12(b)(6)-type analysis necessarily requires that a pleading must have contained "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1973 (2009).

19. The Court conducts this analysis in two steps. *Ashcroft,* 556 at 678–79. First, the Court separates legal conclusions from well-pled facts. *Id.* Second, the Court reviews the well-

pled facts, assumes they are true, and determines whether they "plausibly give rise to an entitlement of relief." *Id.* at 679. Ultimately, "if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573.

20. In order to adequately plead a claim against an insurance adjuster, a plaintiff must allege specific, actionable conduct and distinguish its claims against the adjuster from mere generic, conclusory, statute-tracking claims against the insurer.[2] <u>Plaintiff's obligation to provide the basis for its alleged entitlement to relief from Adame requires more than mere labels or conclusions.</u> *See Twombley*, 550 U.S. at 555 ("Courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.' "[3]

21. In the case at bar, there is no basis in the Plaintiff's Original Petition for the Court to predict that the Plaintiff might be able to recover against Adame. The Plaintiff's factual allegations against Adame are *not* pled with enough specificity to distinguish particular facts from legal conclusions.

22. The only allegation specific to Adame in the Plaintiff's entire Original Petition is that "*Adame declared that Building 1 had sustained damages of only $99,424.65. Adame did not address the claim in regard to Building 2, even though it had also been severely damaged during the storm.*" See Exhibit 2.A. attached hereto, Plaintiff's Original Petition, at p. 3. This allegation merely states a conclusion without identifying specific facts to support the allegation that Adame's investigation was inadequate, and does not give rise to a cause of action against

---

[2] See *Mt. Olive Missionary Baptist Church v. Underwriters at Lloyd's, London*, C.A. No. H-16-234, 2016 WL 4494439, at *3 (S.D. Tex. August 26, 2016) (Miller, J.); and *Okenpu v. Allstate Tex. Lloyd's*, C.A. No. H-11-2374, 2012 WL 1038678, at *7 (S.D. Tex. Mar. 27, 2012) (Harmon, J.).

[3] See *Mt. Olive Missionary Baptist Church v. Underwriters at Lloyd's, London*, C.A. No. H-16-234, 2016 WL 4494439, at *2-3 (S.D. Tex. August 26, 2016) (Miller, J.); and *Okenpu v. Allstate Tex. Lloyd's*, C.A. No. H-11-2374, 2012 WL 1038678, at *7 (S.D. Tex. Mar. 27, 2012) (Harmon, J.).

Adame.

23. In addition, a plaintiff simply alleging that an adjuster performed an unreasonable investigation is insufficient to establish a reasonable basis to predict recovery. While it is true that Texas law may permit adjusters to be found individually liable for certain violations of the Texas Insurance Code, "for an adjuster to be held individually liable, they have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage." *Lopez v. United Property & Cas. Ins. Co.*, __ F.Supp.3d __, 2016 WL 3671115 (S.D. Tex. July 11, 2016) (Hanks, J.), quoting *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014).

24. Whereas the courts in the Southern District of Texas have looked with disfavor on attempts to join a non-diverse claims adjuster by lumping all of the defendants together in blanket allegations of wrongdoing, here the Plaintiff does not even bother to lump Adame in with AGCS in making its factual allegations. Following is a list of the references to the alleged wrongdoing of the insurer, AGCS, where no mention whatsoever is made of Adame (or Vericlaim for that matter).

       2.      <u>Plaintiff's Allegations of Facts Are Not Sufficient Under the Stringent Federal Pleading Standard to State A Claim Against Jay Adame</u>

25. In its recitation of purported "Facts" in section V. of its Original Petition, Plaintiff makes the following assertions, against the Insurer (AGCS) only:

- "*Thereafter, **the insurer** conducted a pretextual and faulty investigation.*" See Exhibit 2.A. attached hereto, Plaintiff's Original Petition at p. 3.

- "***Insurer** underpaid Plaintiff's property damage claim*[.]" *Id*.

- "*After depreciation and the $10,000 deductible, **Insurer** issued a check to Plaintiff for $76,564.98.*" *Id*.

      3.      <u>Plaintiff's Asserted Causes of Action Are Not Sufficient Under the Federal Pleading Standard to State A Claim Against Jay Adame</u>

      a.      <u>Breach of Contract</u>

26. In setting forth its "Causes of Action" in section VI. of its Original Petition, Plaintiff makes the following assertions in "Cause of Action 1" for alleged breach of contract, again focusing on the Insurer (AGCS):

- "*Plaintiff and **Insurer**, along with Insurer's agents, entered a contract for insurance coverage*[.]" See Exhibit 2.A. attached hereto, Plaintiff's Original Petition, at p. 4.

- Plaintiff further alleges: "***Insurer** failed and refused to pay the value of the Plaintiff's claims after the May 31 storm*[.]" *Id.*

Plaintiff is contending that adjuster Jay Adame is a party to the applicable insurance policy, but that assertion is simply incorrect. Adame is only a claims adjuster and is not a party to the policy. Thus, under the *Smallwood* analysis, there is no basis for this Court to predict that the Plaintiff could recover against Adame for breach of contract.

      b.      <u>Violations of the DTPA</u>

27. In its "Cause of Action 2" for alleged violations of the Texas Deceptive Trade Practices Act, Plaintiff pleads as follows:

- "*Defendant **Insurer** was engaged in the business of risk management and for all practical purposes was also engaged in the business of insurance*." See Exhibit 2.A. attached hereto, at p. 4.

- "*This **insurer** underwrote the policy and provided adjusters to investigate and adjust claims*." *Id.*

- "***Insurer's** conduct constitutes unfair and deceptive acts or practices in

-8-

*violation of the following sections of the Texas Deceptive Trade Practices – Consumer Protection Act.*" This allegation is then followed by rote recitation of various provisions of the DTPA statute without adding any further factual allegations. *Id.* at pp. 4-5.

- In adding a basis for seeking additional (i.e., treble) damages available under the DTPA, Plaintiff then adds the following statement, again limited <u>only</u> to the Insurer: "… *and by reason of Defendant* **<u>Insurer's</u>** *knowing and/or intentional conduct,* [Plaintiff] *brings suit for additional damages*[.]" *Id.* at p. 5.

None of these allegations provide the Court with a basis to conclude that the Plaintiff could recover against Adame for alleged violations of the DTPA.

c. <u>Violations of the Texas Insurance Code</u>

28. Similarly, in its "Cause of Action 3" seeking damages under Chapters 541 and 542 of the Texas Insurance Code, Plaintiff's factual allegations are again limited to acts or omissions of the <u>Insurer</u> (AGCS):

- "*More than thirty days prior to filing of this suit, written demand for payment was sent to Defendant* **<u>Insurer</u>**." See Exhibit 2.A. attached hereto, Plaintiff's Original Petition at p. 5.

- "*In mishandling these claims and failing to provide significant evidence to support their position,* **<u>Insurer</u>** *has violated the following sections of the Texas Insurance Code*[.]" This allegation is then followed by rote recitation of several sections of the Texas Insurance Code without adding any further factual allegations. *Id.* at pp. 5-6.

- Following its quotation of various sections of the Insurance Code, Plaintiff adds the following statement: "**<u>Defendant's</u>** *violations of the Texas Insurance Code*

-9-

*have proximately caused Plaintiff's damages. Plaintiff further seeks interest and attorney's fees under Section 542.060 of the Teas Insurance Code for **Defendant Insurer's** violations.*" *Id*. at p. 6.

None of these allegations provide the Court with a basis to conclude that the Plaintiff could recover against Adame for alleged violations of the Texas Insurance Code.

d. <u>Breach of the Duty of Good Faith and Fair Dealing ("Bad Faith")</u>

29. In its "Cause of Action 4," Plaintiff pleads a cause of action for breach of the duty of good faith and fair dealing. Again, nothing in this section of the pleading gives the Court a basis to conclude that there is a possibility of the Plaintiff recovering from the non-diverse Defendant, Adame, on this cause of action.

- First, it is has been well-settled Texas law since the Supreme Court of Texas's 1994 opinion in *Natividad v. Alexis, Inc.*, 875 S.W.2d 685 (Tex. 1994), that the duty of good faith and fair dealing is a non-delegable duty owed <u>only</u> by an insurer. The Court in *Natividad* held that neither an adjusting firm that handles claims for the insurer, nor an adjuster employed by the adjusting firm, owed a duty of good faith and fair dealing. *Id*. at 698.

- Focusing next on the Plaintiff's allegations, Plaintiff asserts the following:
  - "***Insurer*** *refused to adjust the claim payable to the Plaintiff as the Policy required.*" See Exhibit 2.A. attached hereto, Plaintiff's Original Petition at p. 7.
  - "*Despite losses clearly identified by Plaintiff, **insurer** denied more than 90 percent of Plaintiff's claim.*" *Id*. at p. 7.
  - "*In this regard, Defendant **Insurer** failed to conduct a reasonable, proper investigation of the claim*[.]" *Id.* at p. 7.

-10-

- o "*Consequently, **Insurer** breached its duty to deal fairly and in good faith with the Plaintiff.*" *Id.* at p. 7.

- o "***Insurer*** *also breached their fiduciary duties to Plaintiff that arose out of the special relationship that existed between the parties*[.]" *Id.* at p. 7.[4]

### e. Negligence

30. In its "Cause of Action 5," Plaintiff pleads a cause of action for negligence. Nothing in this section of the pleading gives the Court a basis to conclude that there is a possibility of the Plaintiff recovering from the non-diverse Defendant, Adame, on this cause of action. When referring to the standard of care, the Plaintiff against focuses only on the insurer, stating that "***Insurer*** *breached this standard of care.*" See Exhibit 2.A. attached hereto, Plaintiff's Original Petition a p. 7.

### f. Gross Negligence

31. In its "Cause of Action 6" pleading gross negligence, Plaintiff again focuses only on the insurer, stating that "***Insurer's*** *negligence demonstrated a willful and wanton disregard for the rights, welfare, and safety of Plaintiff. Therefore, Plaintiff is entitled to exemplary damages against **insurer**.*" See Exhibit 2.A. attached hereto, Plaintiff's Original Petition a p. 7.

### 4. Plaintiff's Claim for Actual and Treble Damages Also Focuses Only On the Insurer

32. In section VII. of its Original Petition, Plaintiff makes the following assertions, against the Insurer (AGCS) only, in support of its claim for actual and treble damages:

- "***Insurer's*** *conduct as described above was a producing cause of Plaintiff's*

---

[4] Reserving for later discussion the question of whether an insurer owes a fiduciary duty to its insured, there is no basis whatsoever in Texas law for the Plaintiff to claim that an *adjuster* owes a fiduciary duty to an insured.

-11-

*economic damages."* See Exhibit 2.A. attached hereto, Plaintiff's Original Petition at p. 7-8.

- *"These acts and omissions on Defendant **Insurer's** part were done knowingly, that is, with an actual awareness of the falsity, unfairness, or deception of the conduct described." Id.* at p. 8.

### 5. Plaintiff's Basis for Attorney's Fees Focuses Only On the Insurer

33. In section IX. of its Original Petition, Plaintiff makes the following assertions against the Insurer (AGCS) in support of its alleged entitlement to attorney's fees:

- *"The **insurer's** conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retention of the attorney whose name is subscribed to this petition."* See Exhibit 2.A. attached hereto, Plaintiff's Original Petition at p. 8.

- *"Plaintiff are* [sic] *therefore entitled to recover from **Defendant** an additional sum to compensate Plaintiff for a reasonable fee for such attorney's necessary services in the preparation and prosecution of this action, as well as a reasonable fee for any and all necessary appeals to other courts." Id.* at p. 8.

### 6. Plaintiff's Claim for Exemplary Damages Also Focuses Only On the Insurer

34. In section X. of its Original Petition, Plaintiff makes the following assertions against the Insurer (AGCS) in support of its alleged entitlement to exemplary damages:

- *"The conduct, occurrences, representations, acts, omissions, gross negligence, bad faith, and all other allegations against **Insurer** stated in this petition rise to the level that exemplary damages are warranted under Section 41.003 of the Texas Civil Practice & Remedies Code."* See Exhibit 2.A. attached hereto,

Plaintiff's Original Petition at p. 8.

## VII. Additional Documents Being Filed In Support of Removal

35. Pursuant to 28 U.S.C. § 1446(a), and Local Rule LR 81. governing removals, all pleadings, process, orders, and all other filings in the state court suit are being filed with this Notice, along with the required list of all counsel and the parties they represent. See Exhibits 1 – 6 attached hereto.

36. Pursuant to 28 U.S.C. § 1446(d), AGCS will provide prompt written notice to the Plaintiff of the filing of this Notice of Removal, and will file a notice with the Clerk of the 93rd Judicial District Court of Hidalgo County, Texas.

## VIII. Conclusion and Prayer

37. Plaintiff's pleadings in this matter provide no basis for the Court to conclude that the Plaintiff may recover from Adame on any of the causes of action asserted. Hence, Adame has been improperly joined, and his citizenship thus may be disregarded for purposes of assessing federal jurisdiction. Furthermore, Plaintiff's pleadings herein also provide no basis for the Court to conclude that the Plaintiff may recover from Defendant Vericlaim on any of the causes of action asserted. As a result, both of these Defendants should be dismissed.

38. Defendant AGCS MARINE INSURANCE COMPANY therefore respectfully prays the Court find that Defendant JAY ADAME has been improperly joined in this matter and that the Court entertain its federal diversity jurisdiction over this matter.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: /s/ *Christopher W. Martin*
      Christopher W. Martin
      E-Mail: martin@mdjwlaw.com
      State Bar No.: 13057620

Southern District ID No.: 13515

808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

**ATTORNEY-IN-CHARGE
FOR DEFENDANTS**

<u>OF COUNSEL FOR DEFENDANTS</u>:

P. Wayne Pickering
Texas Bar No.: 15975030
Southern District ID No.: 12693
pickering@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
800 Travis Street, 20th Floor
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of January, 2017, a true copy of this document was electronically filed and that the counsel of record noted below designated as counsel to receive electronic service of all instruments filed herein were served on this date, per the mandatory electronic filing rules.

David DeGroot
THE DEGROOT LAW FIRM, PLLC
3827 N. 10th Street, Suite 304
McAllen, Texas 78501
[T] (956) 627-2787
[F] (956) 627-4363
**Counsel for Plaintiff**

/s/ *P. Wayne Pickering*
P. Wayne Pickering
