**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **EB INTERNATIONAL, LLC** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **Civil Action No. _____** |
| **v.** | § | |
| | § | |
| **AGCS MARINE INSURANCE** | § | **JURY** |
| **COMPANY; VERICLAIM, INC.;** | § | |
| **and JAY ADAME,** | § | |
| | § | |
| *Defendants.* | § | |

**EXHIBIT 2
TO DEFENDANTS' NOTICE OF REMOVAL:**

**PLEADINGS AND ANSWERS FILED**

In compliance with 28 U.S.C § 1446(a) and Local Rule 81, the Defendants submit the

following pleadings asserting causes of action, and the answers to those pleadings, in support of

their Notice of Removal in the above-referenced action:

A.     Plaintiffs' Original Petition (filed on September 30, 2016)

B.     Defendant Vericlaim, Inc.'s Original Answer (filed on November 28, 2016)

C.     Defendant Jay Adame's Original Answer (filed on November 28, 2016)

D.     Defendant AGCS Marine Insurance Company's Original Answer (filed on January 12, 2017)

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: */s/  Christopher W. Martin*
    Christopher W. Martin
    E-Mail: martin@mdjwlaw.com

State Bar No.: 13057620
808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:   (713) 222-0101

**ATTORNEY-IN-CHARGE
FOR DEFENDANTS**

OF COUNSEL FOR DEFENDANTS:

P. Wayne Pickering
Texas Bar No.: 15975030
pickering@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
800 Travis Street, 20th Floor
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:   (713) 222-0101

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of January, 2017, a true copy of this document was electronically filed and that the counsel of record noted below designated as counsel to receive electronic service of all instruments filed herein were served on this date, per the mandatory electronic filing rules.

David DeGroot
THE DEGROOT LAW FIRM, PLLC
3827 N. 10th Street, Suite 304
McAllen, Texas 78501
[T] (956) 627-2787
[F] (956) 627-4363
**Counsel for Plaintiff**

/s/  *P. Wayne Pickering*
P. Wayne Pickering

# EXHIBIT A

Electronically Filed
9/30/2016 4:44:22 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

CAUSE NO. __C-4530-16-B__

| | | |
|---|---|---|
| EB INTERNATIONAL, LLC, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | |
| | § | ____ JUDICIAL DISTRICT |
| ALLIANZ GLOBAL CORPORATE & | § | |
| SPECIALTY, VERICLAIM, AND JAY | § | |
| ADAME, | § | |
| | § | |
| **Defendants.** | § | |
| | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW, EB International, LLC ("Plaintiff"), and files this, its *Original Petition* complaining of Defendants Allianz Global Corporate & Specialty, Vericlaim, and Jay Adame ("Defendants") and would respectfully show the Court the following:

### I. Introduction

This is a suit for storm damages sustained by two warehouse properties caused by the thunderstorm that brought winds in excess of 80 mph to the city of Hidalgo, Texas on May 31, 2016. The defendants underestimated and underpaid the claim for damages made by Plaintiff EB International. As of the date of this petition, EB International estimates its damages total $1,299,243.70, while Defendants estimated total damages at $99,424.65, and paid EBI only $76,564.98.

### II. Discovery Control Plan

Plaintiff intends to conduct Level 2 discovery under Texas Rules of Civil Procedure 190.3.

Electronically Filed
9/30/2016 4:44:22 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

### III. Parties

Plaintiff, EB International, LLC is a limited liability company duly formed and operating under the laws of Texas with its principal place of business in Hidalgo County, Texas, and may be served through its attorney of record at the address below.

Defendant, AGCS Marine Insurance Company ("Insurer") is a foreign company registered to do business in the state of Texas with its principle place of business in Chicago, Illinois, and can be served with process by certified mail return receipt requested through its registered agent, CT Corporation System, 1999 Bryan Street Suite 900, Dallas, Texas 75201-3136.

Defendant, Vericlaim, Inc., is a foreign company registered to do business in the state of Texas and can be served with process by certified mail return receipt requested through its registered agent, CT Corporation System, 1999 Bryan Street Suite 900, Dallas, Texas 75201-3136.

Defendant, Jay Adame is an individual residing in Cameron County, Texas, and may be served with process at his last known address of 722 Morgan Blvd., Suite M, Harlingen, Texas 78550.

### IV. Venue and Jurisdiction

Suit is proper in Hidalgo County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the real property at issue is located in Hidalgo County, Texas. Tex.Civ.P.Rem. Code §15.002 (a)(1). Further, the contract upon which this suit is based was executed in Hidalgo County, Texas. Tex.Civ.P.Rem. Code §15.035(b).

### V. Facts

Insurer issued an insurance policy naming Plaintiff as the insured and providing coverage for direct physical loss caused by windstorm or hail to its property located at 1020 E. Produce Road, Hidalgo, Texas 785057. The property is also known as 1100 E. Produce Road. At all times relevant to this action, Vericlaim and Jay Adame acted as the agents of the Insurer.

Pursuant to the terms of the policy, numbered MX193052064, Plaintiff had insurance protection on the property for losses resulting from thunderstorms and winds. The policy period provided coverage from July 21, 2015 to July 21, 2016. The policy covered two main buildings,

Electronically Filed
9/30/2016 4:44:22 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

named in the policy as Building 1 and Building 2, along with a separate office building and a mechanic's shed. *See* Exhibit A, *EBI - AGCS Policy*.

Building 1 is a cold storage warehouse of approximately 68,000 square feet and has an insurance limit of $7,586,000. Building 2 is a multi-use warehouse with 14,250 square feet of dry warehouse space, 7,000 square feet of office space, and 5,275 square feet of cold storage space. Building 2 is insured for a limit of $1,301,312.

On May 31, 2016, a severe thunderstorm occurred with winds gusting above 80 mph. Several refrigerated trailers around the Buildings were overturned by the strong gusts, and several neighboring warehouses were completely destroyed.

The thunderstorm created openings in the Buildings through which rain and water entered causing extensive damage. The roofs of both Buildings were extensively damaged, with the steel sheathing on the roofs being torn up in several places. Leaking into the interior of the buildings began immediately, and worsened over time. Plaintiff filed a claim and Insurer assigned claim number 40044383. Vericlaim assigned its own claim number as well, HOU16414420. This claim was for both Building 1 and Building 2, although the Insurer only paid a claim for Building 1.

Thereafter, the insurer conducted a pretextual and faulty investigation. Insurer underpaid Plaintiff's property damage claim even though liability for such damages was reasonably clear and even though the damage was clearly greater than that estimated by the Insurer or its agents.

On or about June 3, 2016, Jay Adame of Vericlaim inspected the Property. On June 17, 2016, he produced a report for Insurer that, although it admitted damages had occurred to the Property, grossly underestimated those damages. Adame declared that Building 1 had sustained damages of only $99,424.65. Adame did not address the claim in regard to Building 2, even though it had also been severely damaged by the storm. After depreciation and the $10,000 deductible, Insurer issued a check to Plaintiff for $76,564.98. *See* Exhibit B, *Report of Jay Adame*.

Plaintiff therefore seeks a declaration that its claimed losses for both Buildings are covered occurrences under the Policy and seek additional damages for the Defendants' wrongful acts regarding the claim.

After the Defendants provided their estimate, Plaintiff sought to get another estimate. That estimate, performed by Gary Kintigh, stated that the damage to Building 1 was $651,992.34, and the damage to Building 2 was $387,460.84. Adding in overhead of

Electronically Filed
9/30/2016 4:44:22 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

$107,375.51 and a profit margin of 10% brings the total damages to $1,299,243.70.  *See* Exhibit C, *Report of Gary Kintigh*.

In addition, Plaintiff seeks treble damages as well as attorney fees and costs.

## VI. Causes of Action

### Cause of Action 1:  Breach of Contract

Plaintiff incorporates each of the previous paragraphs as if fully set forth herein.

Plaintiff and Insurer, along with Insurer's agents, entered a contract for insurance coverage, under which Plaintiff paid Insurer premiums and Insure agreed to compensate Plaintiff for any losses covered under the policy.  Plaintiff paid the premiums under the Policy and met the conditions precedent to the insurer's obligation to pay the Plaintiff's losses under the Policy.

Insurer failed and refused to pay the value of the Plaintiff's claims after the May 31 storm, thereby materially breaching the Policy and causing Plaintiff to suffer those losses together with other harm as described further in this petition.

### Cause of Action 2:  Violation of the Texas Deceptive Trade Practices Act

Plaintiff incorporates each of the previous paragraphs as if fully set forth herein.

At the time of Plaintiff's purchase of the Policy, Defendant Insurer was engaged in the business of risk management and for all practical purposes was also engaged in the business of insurance.  This insurer underwrote the Policy and provided adjusters to investigate and adjust claims.

Insurer's conduct constitutes unfair and deceptive acts or practices in violation of the following sections of the Texas Deceptive Trade Practices-Consumer Protection Act:

17.46(b)(5), for representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

17.46(b)(7), for representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they

Case 7:17-cv-00016   Document 1-2   Filed in TXSD on 01/16/17   Page 9 of 68

C-4530-16-B

Electronically Filed
9/30/2016 4:44:22 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

are of another; and

17.46(b)(12), for representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

Plaintiff brings suit under these sections of the Texas Deceptive Trade Practices for their actual damages, as set forth above, and by reason of Defendant Insurer's knowing and/or intentional conduct, brings suit for additional damages as allowed by Section 17.50(b)(l) of the Texas Business and Commerce Code.

**Cause of Action 3:  Texas Insurance Code Violations**

Plaintiff incorporates each of the previous paragraphs as if fully set forth herein.

More than thirty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to the Texas Insurance Code, Sections 541 and 542, *et seq.* was sent to Defendant Insurer.  All notices and proofs of loss were timely given in such manner as to fully comply with the terms and conditions of the Policy and applicable law. In the alternative, Plaintiff allege that as to any such terms, conditions, notices, or requirements, their insurer has waived them, and is estopped from asserting them, and/or Plaintiff substantially complied with them.  Plaintiff make the same allegations of waiver or estoppel as to every defense or exclusion pleaded by their insurer in this action, and as to each claim for breach of contract or statutory violation as to Defendant.

In mishandling these claims and failing to provide significant evidence to support their position, Insurer has violated the following sections of the Texas Insurance Code:

541.060(a)(2)(A), by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which this insurer's liability has become reasonably clear;

541.060(a)(4)(A), by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder;

C-4530-16-B
Electronically Filed
9/30/2016 4:44:22 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

541.060(a)(7), by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

542.003(a), by engaging in unfair claims settlement practices, as described in 542.003(b), to wit:

> (1) knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;

> (2) failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;

> (3) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;

> (4) not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and

> (5) compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

542.057(a), by failing to pay the full amount of the insured's claim no later than the fifth business day after the insurer gave notice it would pay the claim.

Defendant's violations of the Texas Insurance Code have proximately caused Plaintiff's damages. Plaintiff further seeks interest and attorney's fees under Section 542.060 of the Texas Insurance Code for Defendant Insurer's violations.

**Cause of Action 4: Breach of the Duty of Good Faith and Fair Dealing and Breach of Fiduciary Duty**

Plaintiff incorporates each of the previous paragraphs as if fully set forth herein.

From and after the time Plaintiff's claim was presented to its insurer, liability to pay the

Case 7:17-cv-00016   Document 1-2   Filed in TXSD on 01/16/17   Page 11 of 68

C-4530-16-B

Electronically Filed
9/30/2016 4:44:22 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

claim in accordance with the terms of the Policy was reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance or risk management company would have relied to underpay Plaintiff's claim, Insurer refused to adjust the claim payable to Plaintiff as the Policy required. Despite losses clearly identified by Plaintiff, insurer denied more than 90 percent of Plaintiff's claim.

At that time, Defendant Insurer and its agents knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. In this regard, Defendant Insurer failed to conduct a reasonable, proper investigation of the claim and refused to rely on the true facts, resorting instead to producing faulty, incomplete, and biased reasons as subterfuges to avoid paying a valid claim.

Consequently, Insurer breached its duty to deal fairly and in good faith with the Plaintiff. The breach was a proximate cause of the losses, expenses, and damages suffered by the Plaintiff. Insurer also breached their fiduciary duties to Plaintiff that arose out of the special relationship that existed between the parties causing damages to the Plaintiff.

## Cause of Action 5: Negligence

Plaintiff incorporates each of the previous paragraphs as if fully set forth herein.

Insurer, its agents, servants, and employees, owed Plaintiff a duty to conduct their claims handling, investigation and adjustment in a reasonable manner and in accordance with the appropriate standard of care in the business of insurance. Insurer breached this standard of care, and the damages sustained by Plaintiff were proximately caused, in whole or in part, by the negligence of the insurer, its agents, servants, or employees in their claims handling, investigation, and adjustment of these claims.

## Cause of Action 6: Gross Negligence

Plaintiff incorporates each of the previous paragraphs as if fully set forth herein.

Insurer's negligence demonstrated a willful and wanton disregard for the rights, welfare, and safety of Plaintiff. Therefore, Plaintiff are entitled to exemplary damages against insurer.

### VII. Actual and Treble Damages

Plaintiff incorporates each of the previous paragraphs as if fully set forth herein.

Insurer's conduct as described above was a producing cause of Plaintiff's economic

C-4530-16-B

Electronically Filed
9/30/2016 4:44:22 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

damages. As a result, Plaintiff sustained damages in an amount in excess of the minimum jurisdiction.

These acts and omissions on Defendant Insurer's part were done knowingly, that is, with an actual awareness of the falsity, unfairness, or deception of the conduct described.

Consequently, Plaintiff requests that the trier of fact award to it additional damages of up to three times the sum of actual damages suffered.

## VIII. Rule 47(c) Statement

In accordance with Texas Rule of Civil Procedure 47(c), Plaintiff pleads that the relief it seeks is monetary in nature and is over $1,000,000.

## IX. Attorney's Fees

Plaintiff incorporates each of the previous allegations set forth herein.

The insurer's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retention of the attorney whose name is subscribed to this petition. Plaintiff are therefore entitled to recover from Defendant an additional sum to compensate Plaintiff for a reasonable fee for such attorney's necessary services in the preparation and prosecution of this action, as well as a reasonable fee for any and all necessary appeals to other courts. Plaintiff has presented its claim for attorney's fees, but insurer chose to ignore it. Thus, Plaintiff requests attorney's fees under Texas Civil Practice and Remedies Code §38.001, et seq., the Texas Insurance Code, and the Texas Deceptive Trade Practices Act.

## X. Exemplary Damages

Plaintiff incorporates each of the previous allegations set forth herein.

The conduct, occurrences, representations, acts, omissions, gross negligence, bad faith, and all other allegations against Insurer stated in this petition rise to the level that exemplary damages are warranted under Section 41.003 of the Texas Civil Practice & Remedies Code.

## XI. Conditions Precedent

All of the conditions precedent to bringing this suit and to Insurer's liability under the Policy for the claims alleged have been performed or have occurred.

C-4530-16-B

Electronically Filed
9/30/2016 4:44:22 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

### XII. Jury Demand

Plaintiff respectfully requests trial of this cause before a Hidalgo County jury.

### XIII. Prayer

**WHEREFORE**, Plaintiff requests that Insurer be cited to appear and answer, and that on final trial, Plaintiff be awarded the following:

a. Judgment against the defendants for actual damages and exemplary damages in excess of the minimum jurisdictional limits of this Court;

b. By reason of defendants' knowing and intentional conduct, treble damages as allowed by Section 17.50(b)(1) of the Texas Business and Commerce Code;

c. Prejudgment interest as provided by law;

d. Postjudgment interest as provided by law;

e. Attorney's fees;

f. Costs of suit; and

g. All other relief to which Plaintiff may show itself entitled, either at law or in equity, either general or special, under the facts set forth in its petition.

Respectfully submitted,
**The DeGroot Law Firm, PLLC**
3827 N. 10th St., Ste. 304
McAllen, Texas 78501
Tel: (956) 627-2787
Fax: (956) 627-4363

By: __/s/ David DeGroot_____
DAVID DEGROOT
State Bar No. 24044444
Attorney for Plaintiff
EB International, LLC

**C-4530-16-B**

# EXHIBIT

## "A"

C-4530-16-B



10375 Richmond Ave. Suite 500 Houston, TX 77042  Phone: 888-727-7235 Fax: 713-532-4121

Jul 16, 2015

Jerry Molina
Jerry Molina Insurance Agency
5401 N 10th St. Ste. 113
McAllen, TX 78504

RE:     EB International, LLC
Policy#:  MXI93052064
Effective 7/21/2015 to  7/21/2016

Dear Jerry:

We are pleased to confirm the attached binder for **Property -- Full Fire Limits**     being offered with **AGCS Marine Insurance Company** . This carrier is **Admitted** in the state of **TX**.  Please note that this binder is based on the coverage, terms and conditions as stated in the attached binder, which may be different from those requested in your original submission.  As you are the representative of the Insured, it is incumbent upon you to review the terms of this binder carefully with your Insured, and reconcile any differences from the terms requested in the original submission.  CRC Insurance Services, Inc. disclaims any responsibility for your failure to reconcile with the Insured any differences between the terms bound as per the attached and those terms originally requested.  This coverage may not be bound without a fully executed CRC brokerage agreement.

**NOTE:  If insured is located outside your resident state, we must have a copy of your non-resident license on file.**

| | |
|---|---|
| **Mailing Address:** | 1100 E. Produce Road<br>Hidalgo, TX 78557 |
| **Physical Address:** | 1100 E. Produce Road,<br>Hidalgo, TX 78557 |

---

**Home State:  _____TEXAS_____**

The Home State was determined based on the information provided in your submission and the completed Declaration of Home State form.  Please ensure the correct Home State is listed. Incorrect information could result in additional or return taxes, fees, surcharges, penalties, interest, and assessments at a later date, and in addition to what is shown.  Additionally, please note that this is the current tax calculation based on the Home State but there could be changes that result in additional or return tax - due at a later date - based on future enactments of surplus lines laws by any of the various states.

---

Coverage as bound per the attached.  Premium and Commission are as follows:

| | |
|---|---|
| **Premium:** | $46,749.00 |
| **TRIA Premium:** | - REJECTED |
| Broker Fee | $500.00 |
| Agency Fee | $500.00 |
| **Total:** | $47,749.00 |

C-4530-16-B

Tax Filings are the responsibility of: ( )Your Agency ( )CRC (X) Not Applicable _____ _

**Commission:  10%**

CRC is compensated in a variety of ways, including commissions and fees paid by insurance companies and fees paid by clients.  Some insurance companies pay brokers supplemental commissions (sometimes referred to as "contingent commissions" or "incentive commissions"), which is compensation that is based on a broker's performance with that carrier.  These supplemental commissions may be based on volume, profitability, retention, growth or other measures.  Even if a contingent commission agreement exists with a carrier, we recognize that our responsibility is to promote the best interests of the policyholder in the selection of an insurance company.  For more information on CRC's compensation, please contact your CRC broker.

**Financing Insurance Premiums**
Premium financing budgets insurance payments and improves liquidity for other business objectives: working capital, business growth, building expansion.

If your clients choose to pay their insurance in monthly installments, it's fast and easy with AFCO & Prime Rate Insurance Premium Finance Companies, which are affiliates of CRC. AFCO provides premium financing solutions for large and mid-size corporate accounts; Prime Rate offers solutions for smaller commercial and personal lines.

Find out how premium financing works and how it can expand your relationship with your clients by e-mailing premiumfinance@afco.com; or call toll- free 866-669-0937 and press 81. Additional information is available at  www.afco.com and www.primeratepfc.com.

Should you have any questions, please feel free to contact our office.

Sincerely,

Virginia Gott
713-532-4111
Vgott@crcins.com
4143088

**CONFIDENTIAL**

Figure: 28 TAC §1.601(a)(3):

| 1 IMPORTANT NOTICE | AVISO IMPORTANTE |
|---|---|
| To obtain information or make a complaint: | Para obtener informacion o para someter una queja: |
| 2 You may contact your (title) at (telephone number). | Puede comunicarse con su (title) al (telephone number). |
| 3 You may call (company)'s toll-free telephone number for information or to make a complaint at: | Usted puede llamar al numero de telefono gratis de (company)'s para informacion o para someter una queja al: |
| 1-XXX-XXX-XXXX | 1-XXX-XXX-XXXX |
| 4 You may also write to (company) at: | Usted tambien puede escribir a (company): |
| 5 You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at: | Puede comunicarse con el Departamento de Seguros de Texas para obtener informacion acerca de companias, coberturas, derechos o quejas al: |
| 1-800-252-3439 | 1-800-252-3439 |

6 You may write the Texas Department of Insurance:
P. O. Box 149104
Austin, TX 78714-9104
Fax: (512) 475-1771
Web: http://www.tdi.state.tx.us
E-mail: ConsumerProtection@tdi.state.tx.us

Puede escribir al Departamento de Seguros de Texas:
P. O. Box 149104
Austin, TX 78714-9104
Fax: (512) 475-1771
Web: http://www.tdi.state.tx.us
E-mail: ConsumerProtection@tdi.state.tx.us

**7 PREMIUM OR CLAIM DISPUTES:** Should you have a dispute concerning your premium or about a claim you should contact the (agent) (company) (agent or the company) first.  If the dispute is not resolved, you may contact the Texas Department of Insurance.

**DISPUTAS SOBRE PRIMAS O RECLAMOS:** Si tiene una disputa concerniente a su prima o a un reclamo, debe comunicarse con el (agente) (la compania) (agente o la compania) primero.  Si no se resuelve la disputa, puede entonces comunicarse con el departamento (TDI).

**8 ATTACH THIS NOTICE TO YOUR POLICY:** This notice is for information only and does not become a part or condition of the attached document.

**UNA ESTE AVISO A SU POLIZA:** Este aviso es solo para proposito de informacion y no se convierte en parte o condicion del documento adjunto.

## Guaranty Fund Nonparticipation Notice
**This insurance contract is with an insurer not licensed to transact insurance in this state and is issued and delivered as surplus line coverage under the Texas insurance statutes. The Texas Department of Insurance does not audit the finances or review the solvency of the surplus lines insurer providing this coverage, and the insurer is not a member of the property and casualty insurance guaranty association created under Chapter 462, Insurance Code.  Chapter 225, Insurance Code, requires payment of a ____4.85_____ percent tax on gross premium.**

**Surplus Lines Agent:** CRC Insurance Services, License #18530

**Address:** 1 Metroplex Drive, Suite 400, Birmingham, AL 35209

| | |
|---|---|
| **Policy Premium:** | $46,749.00 |
| **TRIPRA Premium:** | |
| **TRIPRA Status:** | **REJECTED** |
| **Broker Fee** | **$500.00** |
| **Agency Fee** | **$500.00** |
| : | |
| : | |
| : | |
| : | |
| : | |
| : | |
| : | |
| : | |

| | |
|---|---|
| **Grand Total:** | $47,749.00 |

Allianz Global Corporate & Specialty®
AGCS Marine Insurance Company



AGCS Marine Insurance Company
2000 West Loop South, Suite 1040
Houston, TX 77027

July 16, 2015

Dear Valued Partner,

Thank you for your interest in renewing your client with Allianz Global Corporate & Specialty (AGCS). Our proposal is attached.

We would like to remind you that, as a global leader in Marine insurance, we have many Marine products with, possibly, one or two additional ones being of value to your client. For your reference, we have attached a very brief two-page synopsis of our Marine products, services, sales appetite and points of difference.

To summarize, we offer coverage for:

- Inland Marine – Equipment Insurance ($75 million capacity)
- Inland Marine – Transportation Insurance ($75 million capacity)
- Inland Marine – Builders Risk/COC ($75 million capacity)
- Related Property ($50 million capacity)
- Hull & Marine Liabilities ($50 million capacity)
- Global Cargo ($150 million capacity)
- Affinity Programs – any size or complexity
- Multi-National Risks – we have facilities in 150 countries

With Marine claims, loss control, underwriting and policy services across the globe, we are strategically positioned, and ready, to serve you and your client.

If you have questions or requests, our team of 125 US-based marine production underwriters is here to help. AGCS, within our Specialty division, also offers Aviation and Energy products. Ask us about those too.

As always, your business is greatly appreciated. Thank you for renewing your relationship with Allianz Global Corporate & Specialty.



## Allianz Global Corporate & Specialty®

### AGCS Marine Insurance Company

## BINDER

AGCS Marine Insurance Company
2000 West Loop South, Suite 1040

Houston, TX 77027

July 16, 2015

CRC INSURANCE SERVICES
10375 RICHMOND AVENUE STE 500
HOUSTON, TX 77042

ATTENTION: VIRGINIA GOTT

RE:  EB INTERNATIONAL, LLC  MXI93052064

Dear Virginia:

Thank you for the renewal order.  Our binder is outlined below:

**Effective/Expiration Date**       07/21/2015 - 07/21/2016

**Insuring Company**          54 - AGCS MARINE INSURANCE COMPANY

| Coverage | Commercial Output Program | |
|---|---|---|
| **Property Covered** | Per Schedule Submitted | |
| **Locations** | Per Schedule Submitted | |
| **Limits of Insurance** | Buildings $ 9,037,312 | Business Personal $ 111,250 |

**Coinsurance**      80 %                    **Deductible**  $10,000 AOP except named storm 3% with $25,000 Minimum

**Valuation**      ☒Replacement Cost  ☐ACV  ☐Agreed Amount

**Supplemental Coverages per form PER FORM**
**Coverage Extension per form PER FORM**
**Supplemental Marine Coverages per form PER FORM**

## Equipment Breakdown Coverage

| | Limits | Coinsurance |
|---|---|---|
| Property Damage | $9,148,562 | 80 % |
| Income Coverage | $Not Covered | % |

**Income Coverages**

Period of Loss Extension      days

Coverage Options (check one)
- ☐ Earnings, Rents and Extra Expense
- ☐ Earnings and Extra Expense
- ☐ Rents and Extra Expense
- ☐ Extra Expense Only

**Coverage Extensions**

        **Limit**

- ☒ Expediting Expense    **$ 50,000**
- ☒ Pollutants    **$ 50,000**
- ☒ Ordinance or Law (Undamaged Parts of Buildings)    **$ 100,000**
- ☒ Ordinance or Law (Increased Cost to Repair/Cost to Demolish and Clear Site)    **$ 100,000**
- ☐ Off Premises Utility Service Interruption    **$**
- ☐ Defense Costs    Covered

**Deductibles**

| | |
|---|---|
| Property Coverages | $10,000 |
| Income Coverages ($,hrs., ADV, or Combined | |
| Other | $Named |
| | Windstorm 3% with |
| | $25,000 Minimum |

**Income Coverage Options**
(Free form Text)

**Other Conditions**
(Free form Text)

## Electronic Data Processing per form EDP 6200

Locations of Property Covered

Loc.
001      1020 East Produce Road, Hidalgo, TX 78557
Loc.

Loc.

Location and Limit of Insurance

| Type of Coverage | Loc. #001 | Loc. # | Loc. # |
|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| EDP Equipment and Software | $50,000 | | $ | | $ |
| EDP Equipment | $ | | $ | | $ |
| EDP Software | $ | | $ | | $ |
| EDP Extra Expense | $ | | $ | | $ |
| • Measure of Recovery | $ | Per | $ | Per | $ | Per |
| EDP Business Interruption | $ | | $ | | $ |
| • Measure of Recovery | $ | Per | $ | Per | $ | Per |
| Covered Property while in transit or while temporarily within other premises | $ | | $ | | $ |

Limit of Insurance in any one loss, disaster, or casualty for all coverages $50,000

Deductible Amount:$1,000

Coinsurance Percentage:80% (Equipment Only)

Total Premium: $247

## Premium Breakdown By Coverage (excl TRIA, Surcharges)

| Coverage | Premium |
|---|---|
| Building @ .4935 | $44,599 |
| BPP @ .4935 | $ 549 |
| Equipment Breakdown | $ 1,354 |
| EDP | $ 247 |

## Premium Summary

| | |
|---|---|
| **Premium Excluding Terrorism** | **$46,749** |
| **Terrorism Coverage** | **Rejected** % If terrorism coverage is purchased, there will be either an additional or return premium equal to the percentage shown above on all monetary endorsements and adjustments. |
| **Terrorism Premium** | **$Rejected** (Dollar amount that equates to the percentage above) |
| **Applicable Surcharges with Terrorism** | **$Not Applicable** |
| **Applicable Surcharges without Terrorism** | **$Not Applicable** |

**Total Policy Premium with Terrorism (plus applicable Surcharges) $**

**Total Policy Premium without Terrorism (plus applicable Surcharges) $46,749**

### Agency Bill Full Pay
We can offer the following: Agency Bill Full Pay

| Bill Code | Bill Plan | Down Payment | Installment Amount | Day Billed |
|---|---|---|---|---|
| 0P | Full Pay | Full Policy Premium | | |

### Special Conditions

**This quotation includes the following forms as approved by the applicable state:**

☐ Fungi Limitation Endorsement
☒ Limited Fungus and Related Perils Coverage Endorsement



## Allianz Global Corporate & Specialty®

## AGCS Marine Insurance Company

### IMPORTANT NOTICE REGARDING TERRORISM COVERAGE –
### TER 9010PHN  01 10

| | | | |
|---|---|---|---|
| Insured: | EB INTERNATIONAL, LLC | Policy Number: | MXI93052064 |
| Producer: | CRC INSURANCE SERVICES | Effective Date: | 07/21/2015 |

This notice applies to the type(s) of insurance provided under this policy that are subject to the Terrorism Risk Insurance Act, as amended ("The Act"). You are hereby notified that under The Act have a right to purchase insurance coverage for losses arising out of certified acts of terrorism, as defined in Section 102(1) of The Act: The term certified act of terrorism means any act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State, and the Attorney General of the United States - to be an act of terrorism; to be a violent act or an act that is dangerous to human life, property; or infrastructure; to have resulted in damage within the United States, or outside the United States in the case of an air carrier or vessel or the premises of a United States mission; and to have been committed by an individual or individuals, as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

YOU SHOULD KNOW THAT WHEN COVERAGE IS PROVIDED BY THIS POLICY FOR LOSSES RESULTING FROM CERTIFIED ACTS OF TERRORISM, SUCH LOSSES MAY BE PARTIALLY REIMBURSED BY THE UNITED STATES GOVERNMENT UNDER A FORMULA ESTABLISHED BY FEDERAL LAW. HOWEVER, YOUR POLICY MAY CONTAIN OTHER EXCLUSIONS WHICH MIGHT AFFECT YOUR COVERAGE, SUCH AS AN EXCLUSION FOR NUCLEAR EVENTS. UNDER THE FORMULA, THE UNITED STATES GOVERNMENT GENERALLY REIMBURSES 85% OF COVERED TERRORISM LOSSES EXCEEDING THE STATUTORILY ESTABLISHED DEDUCTIBLE PAID BY THE INSURANCE COMPANY PROVIDING THE COVERAGE. THE PREMIUM CHARGED FOR THIS COVERAGE IS PROVIDED BELOW AND DOES NOT INCLUDE ANY CHARGES FOR THE PORTION OF LOSS THAT MAY BE COVERED BY THE FEDERAL GOVERNMENT UNDER THE ACT.

YOU SHOULD ALSO KNOW THAT THE TERRORISM RISK INSURANCE ACT, AS AMENDED, CONTAINS A $100 BILLION CAP THAT LIMITS U.S. GOVERNMENT REIMBURSEMENT AS WELL AS INSURER'S LIABILITY FOR LOSSES RESULTING FROM CERTIFIED ACTS OF TERRORISM WHEN THE AMOUNT OF SUCH LOSSES IN ANY ONE CALENDAR YEAR EXCEEDS $100 BILLION. IF THE AGGREGATE INSURED LOSSES FOR ALL INSURERS EXCEEDS $100 BILLION, YOUR COVERAGE MAY BE REDUCED.

This quotation includes an offer of coverage for losses due to certified acts of terrorism, as defined by The Act, and, if accepted, will be subject to the limit(s), terms and conditions of any policy subsequently issued. The quoted premium for this terrorism coverage is $ Rejected.

In order to accept or reject this offer of terrorism coverage for the premiums stated above please do one of the following:

To Reject this offer, do **ALL** of the following:

(1) Communicate your decision to your agent or broker representing AGCS Marine Insurance Company; and

(2) Mark the "Reject" option below, sign and date below, and return the original signed document to your agent or broker representing AGCS Marine Insurance Company.

To Accept this offer, do **ALL** of the following:

(1) Communicate your decision to your agent or broker representing AGCS Marine Insurance Company; and

(2) Pay the premium by the due date shown on your premium billing.

Please note that any coverage mandated by applicable Standard Fire Policy laws will not be affected by your rejection below of terrorism coverage.

If you have any questions about this or any other insurance matter, please contact your agent or broker representing the AGCS Marine Insurance Company.

**TERRORISM COVERAGE ELECTION:**

☒ I REJECT COVERAGE FOR LOSSES DUE TO TERRORIST ACTS, AS DEFINED IN THE ACT.


Applicant                                          Applicant's Signature


Title                                              Date


Insurance Company    54 - AGCS MARINE INSURANCE COMPANY


Please return to your agent or broker representing AGCS Marine Insurance Company.

**AAIS**
**CO 1084 10 07**
**Page 1 of 15**

# WINDSTORM OR HAIL SCHEDULE

(The entries required to complete this schedule will be
shown below or on the "schedule of coverages".)

**Loc. No.**      **Covered Location**
ALL Locations

Named Windstorm
3% Per Occurrence, subject to a $25,000 Minimum

**Windstorm Or Hail Deductible** (check one)

☐   Flat Deductible      $_____

☐   Percentage Deductible (check one)

     ☐   1%   ☐   2%   ☐   5%   ☐      %

**Loc. No.**      **Covered Location**

**Windstorm Or Hail Deductible** (check one)

☐   Flat Deductible      $_____

☐   Percentage Deductible (check one)

     ☐   1%   ☐   2%   ☐   5% ☐      %

**CO 1084 10 07**

Copyright, American Association of Insurance Services, Inc., 2007

**AAIS**
**CO 1220 12 07**
Page 1 of 1

This endorsement changes
the policy
-- PLEASE READ THIS CAREFULLY --

# WINDSTORM OR HAIL DEDUCTIBLE

The "terms" of this endorsement apply to property for which entries have been made on the Windstorm Or Hail Schedule or on the "schedule of coverages" to show a Windstorm Or Hail Deductible.

All other "terms" of this policy apply.

## HOW MUCH WE PAY

**Deductible --** The deductible provision under How Much We Pay is replaced by the provisions for Flat Deductible or Percentage Deductible when loss to covered property identified on the Windstorm Or Hail Schedule is caused by or results from windstorm or hail.

1. **Applicable Deductible --** The Windstorm Or Hail Deductible indicated on the Windstorm Or Hail Schedule is applicable to loss or damage to covered property caused directly or indirectly by the perils of windstorm or hail.

2. **Weather Condition Other Than Windstorm Or Hail --** Loss or damage resulting from a covered weather condition, other than windstorm or hail, will be considered to be caused by windstorm or hail and will be considered part of the windstorm or hail occurrence if the loss or damage would not have occurred without the weather conditions of windstorm or hail.

3. **Flat Deductible --** When a flat dollar deductible is indicated on the Windstorm Or Hail Schedule, "we" pay only that part of "your" loss over the deductible amount in any one occurrence.

4. **Percentage Deductible --**

   a. **Percentage --** When a 1%, 2%, or 5% deductible is indicated on the Windstorm Or Hail Schedule, "we" pay only that part of "your" loss over the deductible amount in any one occurrence. The deductible amount is determined by applying the percentage indicated on the schedule to the value of the covered property that is involved in the loss.

   b. **Value Determined At Time Of Loss --** Only as regards the determination of the Percentage Deductible, the value of covered property is determined at the time of loss or damage and in accordance with the provisions described under the Valuation section of the policy.

   c. **Deductible Applies Separately --** The windstorm or hail percentage deductible applies separately to:

      1) each building or structure, including business personal property within each building or structure;

      2) business personal property in each building or structure that is not covered by this policy; and

      3) business personal property in the open or in a vehicle.

5. **Deductible Does Not Apply To Total Loss --** In the event of a total loss to a building or structure, the deductible does not apply.

CO 1220 12 07

Copyright, American Association of Insurance Services, Inc., 2008

**C-4530-16-B**



## Allianz Global Corporate & Specialty®

**POLICY NUMBER:** MXI  93052064

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# PROPERTY EXCLUDED

## PROPERTY NOT COVERED

Any coverage provided under the Commercial Output Program - Property Coverage Part, CO 1000, and the Commercial Output Program - Income Coverage Part, CO 1001, if applicable, does not apply to any property that is indicated by an X below.

☐ 1. Buildings and structures

☒ 2. "Computers" (hardware / software)

☐ 3. Fine arts

☐ 4. "Mobile equipment"

☐ 5. Buildings in the course of construction, alteration, or repair, including materials and equipment used for construction, alteration, or repair

☐ 6. Property that will become part of an installation, fabrication or erection project

☒ 7. On-site web site server

☒ 8. Radio and television towers, antennas, satellite dishes, masts, lead-in wiring, and guy wires

☐ 9. Signs

☐ 10. Personal property of others

☒ 11. Other: (Specify) Overhead Transmission Lines.

This property may be specifically insured under an Inland Marine coverage form.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

**COP 3010 01 10**                                                                                   **Page 1 of 1**

© 2010, AGCS Marine Insurance Company, Chicago, IL. All rights reserved.
Includes copyrighted material of American Association of Insurance Services, Inc., with its permission.

C-4530-16-B

# ENDORSEMENT 001
LOSS PAYEE

| Insured | EB INTERNATIONAL, LLC | Policy Number | MXI93052064 |
|---------|----------------------|---------------|-------------|
| Producer | CRC INSURANCE SERVICES | Effective Date | 07/21/2015 |

The following is added as Loss Payee as respects (2) Muratec Copiers MFX-2550, S/NDC435090125025, and S/N DC43509117010

Marlin Business Bank
P.O. Box 368
Marlton, N.J. 08503

C-4530-16-B

# ENDORSEMENT NO. 002
LOSS PAYEE

| Insured | EB INTERNATIONAL, LLC | | Policy Number | MXI93052064 |
|---------|----------------------|---|---------------|-------------|
| Producer | CRC INSURANCE SERVICES | | Effective Date | 07/21/2015 |

    The following is added as Loss Payee as respects a Muratec Copier MFX-2855, S/N
DA132710260035

ABIC-Lease Ins. Svcs, 5th Floor
Miami, FL. 33197-9220
Contract No: 900-0188810-000

# ENDORSEMENT 003
LOSS PAYEE/MORTGAGEE

| Insured | EB INTERNATIONAL, LLC | Policy Number | MXI93052064 |
|---------|----------------------|---------------|-------------|
| Producer | CRC INSURANCE SERVICES | Effective Date | 07/21/2015 |

The following is added as Loss Payee/Mortgagee as respects Location 001 - 1020 East
Produce Road, Hidalgo, TX 78557:

Plaines Capital Bank
1311 South Cage Boulevard
Pharr, TX 78577

CRC
PO Box 95236
Grapevine, TX 76099-9752

| Bill To: AGT37949 | Insured: 14059422 | Agent: AGT37949 | CSR: Kgott | Acct Exc: Vgott |
|---|---|---|---|---|

Jerry Molina Insurance Agency
5401 N 10th St.
Ste. 113
McAllen, TX 78504

Attn: Jerry Molina
Submission No: 4143088

| **INVOICE** | Invoice Date: | Invoice Number: | Page: |
|---|---|---|---|
| | 7/16/2015 | 1206386 | 1 |

| Insured: EB International, LLC | **INVOICE PAYMENT** |
|---|---|
| DBA : | Payment Due On: 8/10/2015 |

| Insurance Company: | Policy Number: | Effective: | Expires: |
|---|---|---|---|
| AGCS Marine Insurance Company | MXI93052064 (Renw: MXI93052064) | 7/21/2015 | 7/21/2016 |

| Type Of Transaction | Line Of Business | CompID | Amount | Comm($) | Net Due |
|---|---|---|---|---|---|
| Renewal Business | PROPERTY - MULTI PERIL | H0024 | $46,749.00 | $4,674.90 | $42,074.10 |
| Broker Fee | | CRCTX | $500.00 | | $500.00 |
| Agency Fee | | CRCTX | $500.00 | | $500.00 |

| Amount Invoiced: | Comm % | Commission | Invoice Amount |
|---|---|---|---|
| $47,749.00 | 10 | $4,674.90 | $43,074.10 |

Note: THANK YOU FOR ALLOWING CRC TO SERVE YOU!

THANK YOU FOR ALLOWING CRC TO SERVE YOU!

# EXHIBIT

## "B"

**vrs ≫ vericlaim**
a sedgwick company

722 Morgan Blvd., Suite M
Harlingen, Texas 78550
(956) 425-1955 office
(956) 425-1875 fax

June 17, 2016

Allianz Global Corporate & Specialty
33 W. Monroe Street
Chicago, IL 60603

Attn.:      Tony Avila      Email: tony.avila@agcs.allianz.com

RE:      **REPORT NUMBER**      :      **1st Report**

| | | |
|---|---|---|
| Insured | : | EB International |
| Policy Number | : | MXI93052064 |
| Policy Term | : | 7/21/2015 to 7/21/2016 |
| Date of Loss | : | 5/31/16 |
| Location of Loss | : | 1020 E. Produce Rd., Hidalgo, Texas |
| Type of Loss | : | Wind/Hail |
| Co. Claim Number | : | 40044383 |
| VeriClaim File Number | : | HOU16414420 |

Please allow this to serve as our First Report pertaining to the referenced matter.

**PAYMENTS RECOMMENDED / QUESTIONS SUBMITTED**

We recommend payment to the Insured in the amount of $76,564.98 ($99,424.65 estimated damages - $12,859.67 depreciation - $10,000 deductible) and have no questions.

**ESTIMATE OF LOSS**

*Loc. 1 Bldg. 1 – 1020 E. Produce Rd., Hidalgo, Texas 78557~*

*Estimated Damage Reserves:*

| **PROPERTY DAMAGE** | **RESERVE** |
|---|---|
| Building 1 (Limit: $7,586,000; RCV; Special; CI 80%) | $99,424.65 |
| Less depreciation Bldg. 1 | ($12,859.67) |
| Less deductible Bldg. 1 | ($10,000) |
| **Estimated Reserve** | **$76,564.98** |


**vrs»vericlaim**
a sedgwick company

*Page 2*                                                  *VeriClaim ref: HOU16414420 / JJA*

The above Estimate of Loss is based on our initial inspection of the building and the damages associated with the referenced occurrence. We reserve the right to amend our Estimate of Loss should additional information become available which would warrant such revision.

## COVERAGE ABSTRACT INFORMATION

According to information obtained by VeriClaim, Inc. the Insured was issued Policy Number 40044383 with a policy term from 7/21/2015 to 7/21/2016.

*Effective Dates ~*

**Policy Period:**        **From: 07/21/2015**        **To: 07/21/2016 at 12:01**

*Applicable Property Coverage Form(s)/Endorsements ~*

COP 3000DEC 07 14 - COMMERCIAL OUTPUT POLICY GENERAL DECLARATIONS ...................2
CL0100 03 99 - COMMON POLICY CONDITIONS .................................................................1
CL 0700 10 06 - VIRUS OR BACTERIA EXCLUSION ...........................................................1
CL 0273 08 13 - AMENDATORY ENDORSEMENT - TEXAS ...................................................2
CL 0610 01 15 - CERTIFIED ACT OF TERRORISM EXCLUSION ...........................................1
CO0314 04 02 - AMENDATORY ENDORSEMENT - TEXAS....................................................4
CO1000 10 02 - COMMERCIAL OUTPUT PROGRAM PROPERTY COVERAGE PART ..............31
CO1003 04 02 - EQUIPMENT BREAKDOWN COVERAGE PART ..........................................10
CO1050A 04 02 - SCHEDULE OF COVERAGES COMMERCIAL OUTPUT PROGRAM ...............3
CO1052 04 02 - LOCATION SCHEDULE .............................................................................1
CO1072 04 02 - LOSS PAYABLE SCHEDULE......................................................................1
CO1073 03 05 - EQUIPMENT BREAKDOWN SCHEDULE.....................................................2
CO1084 10 07 - WINDSTORM OR HAIL SCHEDULE ..........................................................1
CO1220 12 07 - WINDSTORM OR HAIL DEDUCTIBLE ........................................................1
CO1227 05 02 - SCHEDULED LOCATIONS ENDORSEMENT ................................................3
COP 3010 01 10 - PROPERTY EXCLUDED...........................................................................1
CO1232 04 02 - LOSS PAYABLE OPTIONS..........................................................................1
COP 5001 08 13 - ADDITIONAL DEFINITIONS ENDORSEMENT ............................................1
NIM 1050 01 10 - COMMERCIAL INLAND MARINE CONDITIONS...........................................4
EDP 6200DECTX 05 11 - ELECTRONIC DATA PROCESSING DECLARATIONS-TEXAS...............2
EDP 6210 05 11 - ELECTRONIC DATA PROCESSING COVERAGE FORM..................................9
IM 8002 01 10 - FUNGI LIMITATION ENDORSEMENT ........................................................2
ENDORSEMENT 001...........................................................................................................1
CO 1079 11 03 - LIMITED FUNGUS AND RELATED PERILS SCHEDULE-LOCATION LIMIT ......2
CO 1081 11 03 - LIMITED FUNGUS AND RELATED PERILS SCHEDULE LOCATION LIMIT - EQUIPMENT
BREAKDOWN ...................................................................................................................2
CO1293 11 03 - LIMITED FUNGUS AND RELATED PERILS COVERAGE..................................4
CO 1294 11 04 - LIMITED FUNGUS AND RELATED PERILS COVERAGE - EQUIPMENT BREAKDOWN.................3
IM 8013 06 10 - POLLUTANT REMOVAL ENDORSEMENT ...................................................2
TX 9600PHN 01 10 - COMPLAINT NOTICE-TEXAS ...........................................................1

*Applicable Coverage Limits – Loc. 1 Bldg. 1 – 1020 E. Produce Rd., Hidalgo, Texas 78557~*

- Building: $7,586,000 (RCV; Special; CI 80%)

**C-4530-16-B**

**vrs»vericlaim**
a sedgwick company

## Deductible~

According to form CO1084 (10/07) – Wind or Hail Schedule a 3% or $227,580 deductible is applicable to this loss.

Please note that as per our telephone conversation, Allianz has agreed to reduce the deductible to $10,000.

As such, we have applied a $10,000 deductible to our estimate of repair.

## Co-Insurance~

### Co-Insurance

According to CO1050A – Schedule of Coverages, an 80% co-insurance requirement is applicable to this policy.

We have prepared and attached a Building Valuation for your review.  The replacement cost value of the building is as follows;

| | |
|---|---|
| ***Estimated Replacement Cost (Calculated Value):*** | **$5,755,921.50** |
| ***Actual Cash Value (Calculated Value):*** | **$4,412,287.03** |

In order to comply with an 80% Co-Insurance requirement, the insured would need to maintain a Building Limit of $4,604,737.20.

Form CO1052 (04/02) reflect that the Building Limit is $7,586,000.

As such, the building is insured to value based on the attached valuation.

Please note that our valuation is an estimate only.  Should you require a more detailed valuation, we would recommend retaining a Professional Property Appraisal Firm.

## Protective Safeguards~

Our review of the Commercial Output Policy – Declarations did not reveal any applicable Protective Safeguards.

## DATE OF LOSS

The date of loss is noted as 5/31/2016.  Our review of the Commercial Output Policy – Declarations reflects that the date of loss falls within the effective dates of this policy.

## C-4530-16-B

**VIS»vericlaim**
a sedgwick company

## DESCRIPTION OF RISK

The insured risk, located at the Loss Location above, consists of a commercial style structure comprised of approximately 65,000 sf of warehouse space.

The structure is constructed on a concrete slab foundation with a gable style – metal panel roofing system, metal panel exterior walls, and concrete floors.

The Hidalgo CAD Research enclosed indicates the owners/deed transfers to be:

Deed History:

| # | Deed Date | Type | Description | Grantor | Grantee | Volume | Page | Deed Number |
|---|-----------|------|-------------|---------|---------|--------|------|-------------|
| 1 | 8/3/2011 12:00:00 AM | SVD | SPEC WD/VEN LIEN | FIRST NATIONAL BANK | EB INTERNATIONAL LL | | | 2228765 |
| 2 | 7/14/2011 12:00:00 AM | TRD | TRUSTEES DEED | JENROB INVESTMENT: | FIRST NATIONAL BANK | | | 2222803 |
| 3 | 8/1/2005 12:00:00 AM | GWD | GEN. W/D | BARBOSA EFRAIN | JENROB INVESTMENT: | | | 1503638 |

Current Ownership is identified as:

*Loc. 1 Bldg. 1 – 1020 E. Produce Rd., Hidalgo, Texas 78557~*

| Owner | | | | |
|-------|---|---|---|---|
| Name: | EB INTERNATIONAL LLC | Owner ID: | 964084 | |
| Mailing Address: | 1100 E PRODUCE RD HIDALGO, TX 78557-4326 | % Ownership: | 100.0000000000% | |

*Loss Location – Sample Google Aerial ~*



# vrs»»**vericlaim**
### a sedgwick company

*VeriClaim ref: HOU16414420 / JJA*

*Loss Location – Front View Image~*



## ADDITIONAL INTEREST

Endorsement 001 of Form IM8002 (10/10) identified the following Mortgagees pertaining to Loc. 1 Bldg. 1;

## ENDORSEMENT 001
### MORTGAGEE

| Insured | EB INTERNATIONAL, LLC | | Policy Number | MXI93052064 |
|---|---|---|---|---|
| Producer | CRC INSURANCE SERVICES | | Effective Date | 07/21/2015 |

The following is added as Mortgagee as respects Location 001 - 1020 East Produce Road, Hidalgo, TX 78557:

Plaines Capital Bank
1311 South Cage Boulevard
Pharr, TX 78577

## CIRCUMSTANCES OF LOSS

This loss is reported to have resulted from a wind/hailstorm event that impacted this area on the date of loss.

A search of the www.wunderground.com website confirmed that a windstorm event impacted the area of the loss location on 5/31/2016. The report reflects approximately 1.97" of rainfall with wind speeds of 15 mph, max wind speeds of 45 mph and wind gusts up to 57 mph.

vrs»**vericlaim**
a sedgwick company

The noted weather event was also recognized by the following Catastrophe Bulletin;

# CATASTROPHE SERIAL NO. 1633

**DATES:**            May 29, 2016 To June 2, 2016

**STATES:**           Texas, and Possibly Other Areas.

**PERILS:**           Flooding, Hail, Tornadoes, Wind

**STORM FAMILY:**    Wind and Thunderstorm Event

A copy of the Catastrophe Bulletin has been attached for your review.

## SCOPE OF LOSS

We performed our inspection of the building at the scheduled time on 6/2/2016.

Ms. Marlene Martin – Corporate Human Resources and Mr. Efrain Barbosa – Owner were present during our inspection.

*Loc. 1 Bldg. 1 – 1020 E. Produce Rd., Hidalgo, Texas 78557~*

*Building~*

Our inspection of the exterior of the building revealed the following damage;

- North Elevation ~
  - Damage to approximately 800 sf of metal wall panels.
  - Dimensions: 8' H x 100' L.
  - Damage to approximately 403' lf of gutter and downspouts.

Our inspection of the roof of the building revealed the following damage;

- Lower Level:
  - Wind damage to approximately 12,500 sf of metal roof panels.
    - Dimensions: 83' D x 148' W.
  - Damage to approximately 12,500 sf of 30 lb. roofing felt.
  - Damage to approximately 83' lf of outer metal trim.
- Upper Level:
  - Damage to approximately 7,100 sf of metal roof panels.
    - Dimensions: 71' D x 100' W
  - Damage to approximately 7,100 sf of 30 lb. roofing felt.
  - Damage to approximately 71' lf of outer metal trim.

**vrs≫vericlaim**
a sedgwick company

## *Loc. 1, Bldg. 2 – 1020 E. Produce Rd., Hidalgo, Texas 78557~*

### *Building~*

Our inspection revealed damage to small section of metal roofing panels above the overhang on the southwest side of the building.

We prepared an estimate of repair in the amount of $1,851.08.

Please note that the repair estimate does not exceed the Insured's deductible interests for this building.

## SALVAGE

We do believe that the affected building materials hold nominal scrap metal value.

## OTHER INSURANCE

Ms. Martin stated that there were no other policies of insurance which could be called upon to contribute to this occurrence.

## SUBROGATION

We do not believe that subrogation is applicable to this loss.

## CONSULTANTS

### *Retained by the Insured-*

We are unaware of any experts retained by the Insured.

### *Retained by Insurers-*

No experts have been retained at this time.

If you believe that further evaluation is warranted, we would recommend retaining a structural engineer and/or a building consultant.

C-4530-16-B

**vrs》》vericlaim**
a sedgwick company

*Page 8*                                    *VeriClaim ref: HOU16414420 / JJA*

## ADJUSTMENT

### Loc. 1 Bldg. 1 – 1020 E. Produce Rd., Hidalgo, Texas 78557~

We have prepared and attached our estimate of repair for your review.  A summary of our estimate appears below;

### Summary for Building 1

| | |
|---|---:|
| Line Item Total | 91,847.26 |
| Comm. Rpr/Remdl Tax | 7,577.39 |
| Replacement Cost Value | $99,424.65 |
| Less Depreciation | (12,859.67) |
| Actual Cash Value | $86,564.98 |
| Less Deductible | (10,000.00) |
| Net Claim | $76,564.98 |
| Total Recoverable Depreciation | 12,859.67 |
| Net Claim if Depreciation is Recovered | $89,424.65 |

The total estimated damges are $99,424.65 with $12,859.67 in deprecition for an actual cash value of $86,564.98.  With the application of the Insured's $10,000 deductible, the net value of this claim is $76,564.98.

## WHAT HAS BEEN DONE

- Immediate contact with the Insured.
- Performed inspection of risk and secured photos.
- Prepared photo sheet, diagram, and estimate and building valuation.
- Secured weather data.
- Performed property search.
- Report of findings.

## WHAT IS TO BE DONE

- Confirm if any additional tasks are required.

**vrs≫vericlaim**
a sedgwick company

*Page 9*                                                      *VeriClaim ref: HOU16414420 / JJA*

## DIARY

We recommend that you place your file on a 30 day diary.  However, we will report to your office immediately with any significant developments.  In the meantime, we request your comments and further instructions.

We thank you for this assignment and allowing VeriClaim, Inc. to serve your adjusting needs. Please call us with any questions or instructions that you may have.


Very truly yours,
**VERICLAIM, INC.**


Jay Adame
Senior Adjuster
722 Morgan Blvd., Suite M
Harlingen, Texas 78550
(956) 854-2384 Direct
(956) 373-2583 Cell
jadame@vericlaiminc.com

## ENCLOSURES:

1. Photos
2. Diagram
3. Building Valuation
4. Estimate
5. Weather Data
6. Property Search
7. Catastrophe Bulletin

C-4530-16-B

# EXHIBIT

## "C"

C-4530-16-B

**Blackstar SRT LLC.**
**P.O Box 1889**
**Pharr, TX. 78577**
**Office: 1(956)251-2307 Ext.1**
gary.kintigh@gmail.com

| | | |
|---|---|---|
| Insured: | EB International | |
| Property: | 1020-1100 E. Produce Rd. | |
| | Hidalgo, TX. 78557 | |

| | | |
|---|---|---|
| Claim Rep: | Blackstar SRT LLC | Business: (956) 251-2307 |
| Company: | Blackstar SRT, LLC | |
| Business: | P.O. Box 1889 | |
| | Pharr, TX 78577 | |

| | | |
|---|---|---|
| Estimator: | Blackstar SRT LLC | Business: (956) 251-2307 |
| Company: | Blackstar SRT, LLC | |
| Business: | P.O. Box 1889 | |
| | Pharr, TX 78577 | |

Claim Number:          Policy Number:          Type of Loss: Wind Damage

Date of Loss: May 31, 2016                    Date Received: June 02, 2016
Date Inspected: June 02, 2016                 Date Entered: June 02, 2016

Price List:      TXMC7X_FEB15
                 Restoration/Service/Remodel
Estimate:        1020-1100 E. Produce Rd. Pharr TX. 78577

Dear: Marlene Martin,

Thank you for having Blackstar SRT, LLC as your personal inspector. This is an estimate of damage only and not an offer for settlement. The estimate for your Replacement Loss is **$1,299,243.70** if you have any questions; please give a call to our claims center.

Sincerely,

Gary L. Kintigh
Claims Center
1(965)251-2307 Ext-1
P.O Box 1889
Pharr, TX. 78577

Blackstar SRT, LLC

## EB International

**EB INTERNATIONAL (A)**
**WAREHOUSE ROOFING**

| Description | QTY | UNIT COST | TOTAL |
|---|---|---|---|
| 1. Replace metal roofing | 313 sq | $805.91 | $252,249.83 |
| 2. Added cost for high roof installation | 313 sq | $38.40 | $12,019.20 |
| 3. Replace ridge cap for metal roofing | 220 lf | $9.33 | $2,052.60 |
| 4. Replace insulation roofing panels | 97.6 sq | $994.91 | $97,103.21 |
| 5. Added cost for high roof installation | 313 sq | $38.40 | $12,019.20 |
| 6. Dumpster | 3 ea | $586.27 | $1,758.81 |
| 7. Crane and operator – 115 ton capacity | 24 hr | $342.00 | $8,208.00 |
| 8. Boom lift – 50'-60' reach | 5 day | $410.00 | 2,050.00 |

**TOTAL: EB INTERNATIONAL WAREHOUSE (A)**          **$387,460.84**

**HIDALGO COLD STORAGE 1100 E. PRODUCE**
**BUILDING ROOFING (B)**

| Description | QTY | UNIT COST | TOTAL |
|---|---|---|---|
| 9. Replace metal roofing | 331.50 sq | $805.91 | $266,756.21 |
| 10. Added cost for high roof installation | 331.50 sq | $38.40 | $12,710.40 |
| 11. Replace ridge cap for metal roofing | 148 lf | $9.33 | $1,380.84 |
| 12. Replace insulation roofing panels | 336.60 sq | $994.91 | $334,886.70 |
| 13. Added cost for high roof installation | 336.60 sq | $38.40 | $12,925.44 |
| 14. Replace metal roofing | 1,344.00 sf | $7.32 | $9,838.08 |
| 15. Remove asphalt shingles Maintenance Building | 2.70 sq | $48.18 | $130.08 |
| 16. Replace roofing felt- 15#- Maintenance | 2.70 sq | $15.62 | $42.17 |
| 17. Replace asphalt shingles- 3tab-Maintenance | 3.10 sq | $205.34 | $636.55 |
| 18. Replace ridge cap comp shingles Maintenance Building | 17 lf | $4.87 | $82.79 |
| 19. Dumpster load Approx. 40 yard, 7-8 ton of debris | 4 ea | $586.27 | $2,345.08 |
| 20. Crane and operator – 115 ton capacity | 24 hr | $342.00 | $8,208.00 |
| 21. Boom lift – 50'-60' reach | 5 day | $410.00 | 2,050.00 |

**TOTAL: HIDALGO COLD STORAGE (B)**          **$651,992.34**

## Blackstar SRT, LLC

### Summary for Dwelling

| | | |
|---|---|---|
| Line Item Total | | $1,039,453.18 |
| Material Sales Tax | 8.25% | 34,301.95 |
| Subtotal | | $ 1,073,755.13 |
| | | |
| Overhead | 10.0% | $107,375.51 |
| Profit | 10.0% | $118,113.06 |
| | | |
| **Replacement Cost Value** | | **$1,299,243.70** |

# EXHIBIT B

Electronically Filed
11/28/2016 9:03:16 AM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

NO. C-4530-16-B

| EB INTERNATIONAL, LLC | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| **v.** | § | |
| | § | **HIDALGO COUNTY, TEXAS** |
| **ALLIANZ GLOBAL CORPORATE &** | § | |
| **SPECIALTY, VERICLAIM, INC., and** | § | |
| **JAY ADAME** | § | **93RD JUDICIAL DISTRICT** |

## DEFENDANT VERICLAIM'S
## ORIGINAL ANSWER

TO THE HONORABLE JUDGE DELGADO:

Defendant **VERICLAIM, INC.** ("Vericlaim" or "this Defendant") respectfully files this,

its Original Answer to the Plaintiff's Original Petition.

## I.
## DISCOVERY CONTROL PLAN

This Defendant disputes that discovery is proper under Level 2 of the Texas Rules of

Civil Procedure.

This Defendant respectfully requests that this suit be designated as a Level 3 case under

Tex.R.Civ.P. 190.4., and respectfully moves the Court for an order entering the required docket

control order setting forth the necessary Level 3 pre-trial deadlines.

## II.
## GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, this Defendant generally denies the

allegations contained in Plaintiff's Original Petition and demands strict proof by a preponderance

of the evidence.

## III.
## ADDITIONAL DEFENSIVE MATTERS

A.    **Failure to Satisfy All Conditions Precedent**

Electronically Filed
11/28/2016 9:03:16 AM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

This Defendant specifically denies that Plaintiff has complied with all required conditions precedent to coverage under the insurance policy under which the insurance claim made the basis of this action has been presented.

Plaintiff has failed to comply with at least one condition precedent to recovery under the insurance policy at issue, as Plaintiff has failed to establish the presence of damages covered by the applicable policy that have not already been compensated by the insurer.

Plaintiff also has failed to satisfy a necessary requirement under the insuring agreement of the applicable policy by establishing the presence of a covered claim, in that the monies the Plaintiff seeks to recover are not sums that the insurer has become legally obligated to pay under the insuring agreement.

This Defendant would further show that all or a portion of the Plaintiff's alleged damages are the result of (1) perils or conditions not covered by the Policy; (2) pre-existing conditions; (3) Plaintiff's failure to mitigate the alleged damages, including but not limited to failing to make appropriate repairs; (4) the acts, omissions, fault, negligence, responsibility or other conduct on the part of Plaintiff or that of a third-party for whom Defendant is not legally responsible; and/or (5) intervening, independent, and/or superseding causes.  This Defendant reserves the right to supplement this paragraph as additional information is obtained during discovery.

This Defendant further specifically denies that Plaintiff has complied with all required conditions precedent to bringing this cause of action.

**B.**    **Limitation On Recovery Under Texas Comparative Responsibility Statute**

To the extent the trier of facts ultimately concludes that the alleged damages of which Plaintiff complains were caused, in whole or in part, by the acts, omissions, fault, negligence, responsibility or other conduct on the part of Plaintiff or that of a third-party for whom this Defendant is not legally responsible, this Defendant asserts that its legal liability herein, if any, should be proportionately reduced in accordance with the provisions of the TEXAS CIVIL

Electronically Filed
1/28/2016 9:03:16 AM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

PRACTICE & REMEDIES CODE § 33.001, et seq., and this Defendant is thus entitled to, and hereby invokes its rights to, contribution, credit, and indemnity, as provided by the laws and statutes of the State of Texas under the provisions of Chapters 32 and 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, as well as other applicable proportionate liability laws and statutes.

## C.      **Limitation On Punitive Damages**

With respect to Plaintiffs' claim for punitive damages, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages, plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, under Chapter 41 of the Texas Civil Practice & Remedies Code.

With respect to Plaintiff's claim for punitive damages, this Defendant affirmatively pleads that such claims in the following respects violate the due process clauses of the Fifth Amendment and Fourteenth Amendment of the United States Constitution:

- Plaintiff has failed to plead a sufficient predicate authorizing the recovery of punitive damages;

- In assessing such penalty or exemplary awards, Plaintiff needs only prove the theory of gross negligence merely under a "clear and convincing" evidentiary standard versus the "beyond a reasonable doubt" standard as is required in assessing an award of punishment;

- The assessment of such a punishment and/or exemplary award is not based upon a clearly defined statutory enactment setting forth a specific means requirement and/or the prerequisites of criminal fine, and in effect, allows the assessment of such awards even though there are no special standards, limits or other statutory requirements set forth that define the means and scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process; and

- In essence, this Defendant is subject to all of the hazards and risks of what amounts to a fine, and in fact, such awards often exceed normal criminal fines, but this Defendant receives none of the basic rights accorded to a criminal defendant when being subjected to possible criminal penalties.

Electronically Filed
1/28/2016 9:03:16 AM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

Plaintiff's claim for punitive damages should be denied as violative of the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States, the provisions of the Eighth Amendment to the Constitution of the United States, and the Constitution of the State of Texas, Article I, Section 13 and 19.

**D.**   **Other Defensive Matters**

A cause of action for breach of the duty of good faith and fair dealing may be established when an insurer has no reasonable basis for denying or delaying payment of a claim, and the insurer knew or should have known that fact.  When the underlying claim upon which an insured's extra-contractual claims are premised is found to have been properly denied, as here, the insured's extra-contractual claims necessarily fail.

The common-law duty of good faith only applies when there is existence of a valid claim for breach of the insurance contract.  The first requirement of the breach of the duty of good faith and fair dealing is the existence of a contract between the plaintiff and the defendant that creates a special relationship which gives rise to a duty of good faith and fair dealing.  Texas Courts and the Fifth Circuit have consistently held that an insured cannot recover for breach of the common law duty of good faith and fair dealing if there has been no breach of the insurance contract. Plaintiff has failed to establish the breach of a contract by the Defendant insurer.  Plaintiff's claim for the common-law duty of good faith and fair dealing fails because such a relationship can only, as a matter of law, arise out of an insurance policy since the duty emanates from the special relationship that is created by that contract.

This Defendant would show that Plaintiff's live petition fails to sufficiently describe how such a claim converts Plaintiff's alleged contractual claim into an alleged breach of the duty of good faith and fair dealing and/or a violation of the Texas Insurance Code or the Deceptive Trade Practices Act.

Electronically Filed
1/28/2016 9:03:16 AM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

This Defendant further pleads and would show that a *bona fide* controversy or dispute exists, precluding Plaintiff's recovery of extra-contractual damages under any of the theories of recovery urged herein, including that of alleged breaches of the common law duty of good faith and fair dealing and alleged violations of the Texas Insurance Code, the Deceptive Trade Practices Act, and any other statutory or common law authority, as the Defendant's liability for the claim is not "reasonably clear," as required under Texas law.

The loss claimed by the Plaintiff is subject to the coverage limits, policy conditions, exclusions, and other provisions as defined and set forth in the Policy, as to which this Defendant expressly reserves all rights regarding those terms.  This Defendant asserts the application of all such policy provisions as if set forth in full herein.  Accordingly, such coverage limits, policy conditions, exclusions, and other provisions may preclude or limit Plaintiff's ability to recover, as Plaintiff's damages claimed in this matter have not yet been defined.

Under the doctrine of concurrent causation, an insured's recovery is limited to the amount of damage caused by a covered peril.  In other words, when a loss is caused by covered and non-covered perils, the insured may recover only that portion of the damage caused solely by the covered peril.  Because the insured is required to prove that the damage is covered by the policy, the burden of segregating the damage attributable solely to the covered peril from the damage from the non-covered peril is a coverage issue on which the insured bears the burden of proof.

## IV.
## J**URY** D**EMAND**

This Defendant respectfully invokes its right to trial by jury.

## V.
## P**RAYER**

Vericlaim therefore respectfully prays that upon final trial and hearing hereof, Plaintiff take nothing against this Defendant, and that this Defendant recovers its costs, and that this Defendant have and recover such other and further relief to which it may be justly entitled.

Electronically Filed
11/28/2016 9:03:16 AM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By:      */s/ Christopher W. Martin*
Christopher W. Martin
Texas bar No. 13057620
Email: martin@mdjwlaw.com
P. Wayne Pickering
Texas bar No. 15975030
Email:  pickering@mdjwlaw.com

808 Travis Street, 20th Floor
Houston, Texas  77002
(713) 632-1700 (Telephone)
(713) 222-0101 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**


**CERTIFICATE OF SERVICE**

This is to certify that on the 28th day of November, 2016, a true copy of this document

was electronically filed and that the counsel of record noted below was designated as counsel to

receive electronic service of all instruments filed herein, **per the Texas 2014 mandatory**

**electronic filing rules**.

David DeGroot
THE DEGROOT LAW FIRM, PLLC
3827 N. 10th Street, Suite 304
McAllen, Texas 78501
[T] (956) 627-2787
[F] (956) 627-4363
**Counsel for Plaintiff**


*/s/ P. Wayne Pickering*
P. Wayne Pickering

# EXHIBIT C

Electronically Filed
1/28/2016 8:59:27 AM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

**NO. C-4530-16-B**

| | | |
|---|---|---|
| EB INTERNATIONAL, LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | |
| | § | HIDALGO COUNTY, TEXAS |
| ALLIANZ GLOBAL CORPORATE & | § | |
| SPECIALTY, VERICLAIM, INC., and | § | |
| JAY ADAME | § | 93RD JUDICIAL DISTRICT |

**DEFENDANT JAY ADAME'S**
**ORIGINAL ANSWER**

TO THE HONORABLE JUDGE DELGADO:

Defendant **JAY ADAME** ("Adame" or "this Defendant") respectfully files this, his Original Answer to the Plaintiff's Original Petition.

**I.**
**DISCOVERY CONTROL PLAN**

This Defendant disputes that discovery is proper under Level 2 of the Texas Rules of Civil Procedure.

This Defendant respectfully requests that this suit be designated as a Level 3 case under Tex.R.Civ.P. 190.4., and respectfully moves the Court for an order entering the required docket control order setting forth the necessary Level 3 pre-trial deadlines.

**II.**
**GENERAL DENIAL**

Pursuant to Texas Rule of Civil Procedure 92, this Defendant generally denies the allegations contained in Plaintiff's Original Petition and demands strict proof by a preponderance of the evidence.

**III.**
**ADDITIONAL DEFENSIVE MATTERS**

**A.    Failure to Satisfy All Conditions Precedent**

Electronically Filed
1/28/2016 8:59:27 AM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

This Defendant specifically denies that Plaintiff has complied with all required conditions precedent to coverage under the insurance policy under which the insurance claim made the basis of this action has been presented.

Plaintiff has failed to comply with at least one condition precedent to recovery under the insurance policy at issue, as Plaintiff has failed to establish the presence of damages covered by the applicable policy that have not already been compensated by the insurer.

Plaintiff also has failed to satisfy a necessary requirement under the insuring agreement of the applicable policy by establishing the presence of a covered claim, in that the monies the Plaintiff seeks to recover are not sums that the insurer has become legally obligated to pay under the insuring agreement.

This Defendant would further show that all or a portion of the Plaintiff's alleged damages are the result of (1) perils or conditions not covered by the Policy; (2) pre-existing conditions; (3) Plaintiff's failure to mitigate the alleged damages, including but not limited to failing to make appropriate repairs; (4) the acts, omissions, fault, negligence, responsibility or other conduct on the part of Plaintiff or that of a third-party for whom Defendant is not legally responsible; and/or (5) intervening, independent, and/or superseding causes.  This Defendant reserves the right to supplement this paragraph as additional information is obtained during discovery.

This Defendant further specifically denies that Plaintiff has complied with all required conditions precedent to bringing this cause of action.

**B.**     **Limitation On Recovery Under Texas Comparative Responsibility Statute**

To the extent the trier of facts ultimately concludes that the alleged damages of which Plaintiff complains were caused, in whole or in part, by the acts, omissions, fault, negligence, responsibility or other conduct on the part of Plaintiff or that of a third-party for whom this Defendant is not legally responsible, this Defendant asserts that its legal liability herein, if any, should be proportionately reduced in accordance with the provisions of the TEXAS CIVIL

Electronically Filed
11/28/2016 8:59:27 AM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

PRACTICE & REMEDIES CODE § 33.001, et seq., and this Defendant is thus entitled to, and hereby invokes his rights to, contribution, credit, and indemnity, as provided by the laws and statutes of the State of Texas under the provisions of Chapters 32 and 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, as well as other applicable proportionate liability laws and statutes.

## C.    Limitation On Punitive Damages

With respect to Plaintiffs' claim for punitive damages, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages, plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, under Chapter 41 of the Texas Civil Practice & Remedies Code.

With respect to Plaintiff's claim for punitive damages, this Defendant affirmatively pleads that such claims in the following respects violate the due process clauses of the Fifth Amendment and Fourteenth Amendment of the United States Constitution:

- Plaintiff has failed to plead a sufficient predicate authorizing the recovery of punitive damages;

- In assessing such penalty or exemplary awards, Plaintiff needs only prove the theory of gross negligence merely under a "clear and convincing" evidentiary standard versus the "beyond a reasonable doubt" standard as is required in assessing an award of punishment;

- The assessment of such a punishment and/or exemplary award is not based upon a clearly defined statutory enactment setting forth a specific means requirement and/or the prerequisites of criminal fine, and in effect, allows the assessment of such awards even though there are no special standards, limits or other statutory requirements set forth that define the means and scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process; and

- In essence, this Defendant is subject to all of the hazards and risks of what amounts to a fine, and in fact, such awards often exceed normal criminal fines, but this Defendant receives none of the basic rights accorded to a criminal defendant when being subjected to possible criminal penalties.

Electronically Filed
1/28/2016 8:59:27 AM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

Plaintiff's claim for punitive damages should be denied as violative of the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States, the provisions of the Eighth Amendment to the Constitution of the United States, and the Constitution of the State of Texas, Article I, Section 13 and 19.

**D.    <u>Other Defensive Matters</u>**

A cause of action for breach of the duty of good faith and fair dealing may be established when an insurer has no reasonable basis for denying or delaying payment of a claim, and the insurer knew or should have known that fact.  When the underlying claim upon which an insured's extra-contractual claims are premised is found to have been properly denied, as here, the insured's extra-contractual claims necessarily fail.

The common-law duty of good faith only applies when there is existence of a valid claim for breach of the insurance contract.  The first requirement of the breach of the duty of good faith and fair dealing is the existence of a contract between the plaintiff and the defendant that creates a special relationship which gives rise to a duty of good faith and fair dealing.  Texas Courts and the Fifth Circuit have consistently held that an insured cannot recover for breach of the common law duty of good faith and fair dealing if there has been no breach of the insurance contract. Plaintiff has failed to establish the breach of a contract by the Defendant insurer.  Plaintiff's claim for the common-law duty of good faith and fair dealing fails because such a relationship can only, as a matter of law, arise out of an insurance policy since the duty emanates from the special relationship that is created by that contract.

This Defendant would show that Plaintiff's live petition fails to sufficiently describe how such a claim converts Plaintiff's alleged contractual claim into an alleged breach of the duty of good faith and fair dealing and/or a violation of the Texas Insurance Code or the Deceptive Trade Practices Act.

Electronically Filed
1/28/2016 8:59:27 AM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

This Defendant further pleads and would show that a *bona fide* controversy or dispute exists, precluding Plaintiff's recovery of extra-contractual damages under any of the theories of recovery urged herein, including that of alleged breaches of the common law duty of good faith and fair dealing and alleged violations of the Texas Insurance Code, the Deceptive Trade Practices Act, and any other statutory or common law authority, as the Defendant's liability for the claim is not "reasonably clear," as required under Texas law.

The loss claimed by the Plaintiff is subject to the coverage limits, policy conditions, exclusions, and other provisions as defined and set forth in the Policy, as to which this Defendant expressly reserves all rights regarding those terms. This Defendant asserts the application of all such policy provisions as if set forth in full herein. Accordingly, such coverage limits, policy conditions, exclusions, and other provisions may preclude or limit Plaintiff's ability to recover, as Plaintiff's damages claimed in this matter have not yet been defined.

Under the doctrine of concurrent causation, an insured's recovery is limited to the amount of damage caused by a covered peril. In other words, when a loss is caused by covered and non-covered perils, the insured may recover only that portion of the damage caused solely by the covered peril. Because the insured is required to prove that the damage is covered by the policy, the burden of segregating the damage attributable solely to the covered peril from the damage from the non-covered peril is a coverage issue on which the insured bears the burden of proof.

## IV.
## JURY DEMAND

This Defendant respectfully invokes its right to trial by jury.

## V.
## PRAYER

Defendant Jay Adame therefore respectfully prays that upon final trial and hearing hereof, Plaintiff take nothing against this Defendant, that he recover his costs, and that he have and recover such other and further relief to which he may be justly entitled.

Electronically Filed
11/28/2016 8:59:27 AM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By:      */s/ Christopher W. Martin*
          Christopher W. Martin
          Texas bar No. 13057620
          Email: martin@mdjwlaw.com

          P. Wayne Pickering
          Texas bar No. 15975030
          Email:  pickering@mdjwlaw.com

          808 Travis Street, 20th Floor
          Houston, Texas  77002
          (713) 632-1700 (Telephone)
          (713) 222-0101 (Facsimile)

          **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that on the 28th day of November, 2016, a true copy of this document was electronically filed and that the counsel of record noted below was designated as counsel to receive electronic service of all instruments filed herein, **per the Texas 2014 mandatory electronic filing rules**.

          David DeGroot
          THE DEGROOT LAW FIRM, PLLC
          3827 N. 10th Street, Suite 304
          McAllen, Texas 78501
          [T] (956) 627-2787
          [F] (956) 627-4363
          **Counsel for Plaintiff**

                    */s/ P. Wayne Pickering*
                    P. Wayne Pickering

# EXHIBIT D

NO. C-4530-16-B

| | | |
|---|---|---|
| **EB INTERNATIONAL, LLC** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **v.** | § | |
| | § | **HIDALGO COUNTY, TEXAS** |
| **ALLIANZ GLOBAL CORPORATE &** | § | |
| **SPECIALTY, VERICLAIM, INC., and** | § | |
| **JAY ADAME** | § | **93RD JUDICIAL DISTRICT** |

### DEFENDANT AGCS MARINE INSURANCE COMPANY'S
### ORIGINAL ANSWER

TO THE HONORABLE JUDGE DELGADO:

Defendant **AGCS MARINE INSURANCE COMPANY** ("AGCS" or "this Defendant"), incorrectly listed in the case caption as "Allianz Global Corporate & Specialty," respectfully files this, its Original Answer to the Plaintiff's Original Petition.

### I.
### DISCOVERY CONTROL PLAN

1.        This Defendant disputes that discovery is proper under Level 2 of the Texas Rules of Civil Procedure.

2.        This Defendant respectfully requests that this suit be designated as a Level 3 case under Tex.R.Civ.P. 190.4., and respectfully moves the Court for an order entering the required docket control order setting forth the necessary Level 3 pre-trial deadlines.

### II.
### GENERAL DENIAL

3.        Pursuant to Texas Rule of Civil Procedure 92, this Defendant generally denies the allegations contained in Plaintiff's Original Petition and demands strict proof by a preponderance of the evidence.

## III.
## ADDITIONAL DEFENSIVE MATTERS

**A.**     **Failure to Satisfy All Conditions Precedent**

4.     This Defendant specifically denies that Plaintiff has complied with all required conditions precedent to coverage under the insurance policy under which the insurance claim made the basis of this action has been presented.

5.     Plaintiff has failed to comply with at least one condition precedent to recovery under the insurance policy at issue, as Plaintiff has failed to establish the presence of damages covered by the applicable policy that have not already been compensated by the insurer.

6.     Plaintiff also has failed to satisfy a necessary requirement under the insuring agreement of the applicable policy by establishing the presence of a covered claim, in that the monies the Plaintiff seeks to recover are not sums that the insurer has become legally obligated to pay under the insuring agreement.

7.     This Defendant would further show that all or a portion of the Plaintiff's alleged damages are the result of (1) perils or conditions not covered by the Policy; (2) pre-existing conditions; (3) Plaintiff's failure to mitigate the alleged damages, including but not limited to failing to make appropriate repairs; (4) the acts, omissions, fault, negligence, responsibility or other conduct on the part of Plaintiff or that of a third-party for whom Defendant is not legally responsible; and/or (5) intervening, independent, and/or superseding causes.  This Defendant reserves the right to supplement this paragraph as additional information is obtained during discovery.

8.     This Defendant further specifically denies that Plaintiff has complied with all required conditions precedent to bringing this cause of action.

**B.**   **Limitation On Recovery Under Texas Comparative Responsibility Statute**

9.      To the extent the trier of facts ultimately concludes that the alleged damages of which Plaintiff complains were caused, in whole or in part, by the acts, omissions, fault, negligence, responsibility or other conduct on the part of Plaintiff or that of a third-party for whom this Defendant is not legally responsible, this Defendant asserts that its legal liability herein, if any, should be proportionately reduced in accordance with the provisions of the TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.001, et seq., and this Defendant is thus entitled to, and hereby invokes its rights to, contribution, credit, and indemnity, as provided by the laws and statutes of the State of Texas under the provisions of Chapters 32 and 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, as well as other applicable proportionate liability laws and statutes.

**C.**   **Limitation On Punitive Damages**

10.      With respect to Plaintiffs' claim for punitive damages, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages, plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, under Chapter 41 of the Texas Civil Practice & Remedies Code.

11.      With respect to Plaintiff's claim for punitive damages, this Defendant affirmatively pleads that such claims in the following respects violate the due process clauses of the Fifth Amendment and Fourteenth Amendment of the United States Constitution:

- Plaintiff has failed to plead a sufficient predicate authorizing the recovery of punitive damages;

- In assessing such penalty or exemplary awards, Plaintiff needs only prove the theory of gross negligence merely under a "clear and convincing" evidentiary standard versus the "beyond a reasonable doubt" standard as is required in assessing an award of punishment;

- The assessment of such a punishment and/or exemplary award is not based upon a clearly defined statutory enactment setting forth a specific means requirement and/or the prerequisites of criminal fine, and in effect, allows the assessment of such awards even though there are no special standards, limits or other statutory requirements set forth that define the means and scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process; and

- In essence, this Defendant is subject to all of the hazards and risks of what amounts to a fine, and in fact, such awards often exceed normal criminal fines, but this Defendant receives none of the basic rights accorded to a criminal defendant when being subjected to possible criminal penalties.

12.     Plaintiff's claim for punitive damages should be denied as violative of the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States, the provisions of the Eighth Amendment to the Constitution of the United States, and the Constitution of the State of Texas, Article I, Section 13 and 19.

**D.      Other Defensive Matters**

13.     A cause of action for breach of the duty of good faith and fair dealing may be established when an insurer has no reasonable basis for denying or delaying payment of a claim, and the insurer knew or should have known that fact.  When the underlying claim upon which an insured's extra-contractual claims are premised is found to have been properly denied, as here, the insured's extra-contractual claims necessarily fail.

14.     The common-law duty of good faith only applies when there is existence of a valid claim for breach of the insurance contract.  The first requirement of the breach of the duty of good faith and fair dealing is the existence of a contract between the plaintiff and the defendant that creates a special relationship which gives rise to a duty of good faith and fair dealing.  Texas Courts and the Fifth Circuit have consistently held that an insured cannot recover for breach of the common law duty of good faith and fair dealing if there has been no breach of the insurance contract.  Plaintiff has failed to establish the breach of a contract by the Defendant insurer.  Plaintiff's claim for the common-law duty of good faith and fair dealing fails because

such a relationship can only, as a matter of law, arise out of an insurance policy since the duty emanates from the special relationship that is created by that contract.

15.     This Defendant would show that Plaintiff's live petition fails to sufficiently describe how such a claim converts Plaintiff's alleged contractual claim into an alleged breach of the duty of good faith and fair dealing and/or a violation of the Texas Insurance Code or the Deceptive Trade Practices Act.

16.     This Defendant further pleads and would show that a *bona fide* controversy or dispute exists, precluding Plaintiff's recovery of extra-contractual damages under any of the theories of recovery urged herein, including that of alleged breaches of the common law duty of good faith and fair dealing and alleged violations of the Texas Insurance Code, the Deceptive Trade Practices Act, and any other statutory or common law authority, as the Defendant's liability for the claim is not "reasonably clear," as required under Texas law.

17.     The loss claimed by the Plaintiff is subject to the coverage limits, policy conditions, exclusions, and other provisions as defined and set forth in the Policy, as to which this Defendant expressly reserves all rights regarding those terms.  This Defendant asserts the application of all such policy provisions as if set forth in full herein.  Accordingly, such coverage limits, policy conditions, exclusions, and other provisions may preclude or limit Plaintiff's ability to recover, as Plaintiff's damages claimed in this matter have not yet been defined.

18.     Under the doctrine of concurrent causation, an insured's recovery is limited to the amount of damage caused by a covered peril.  In other words, when a loss is caused by covered and non-covered perils, the insured may recover only that portion of the damage caused solely by the covered peril.  Because the insured is required to prove that the damage is covered by the policy, the burden of segregating the damage attributable solely to the covered peril from the damage from the non-covered peril is a coverage issue on which the insured bears the burden of proof.

**IV.**
**JURY DEMAND**

19.     This Defendant respectfully invokes its right to trial by jury.

**V.**
**PRAYER**

20.     Defendant AGCS Marine Insurance Company therefore respectfully prays that upon final trial and hearing hereof, Plaintiff take nothing against this Defendant, that this Defendant recovers its costs, and that this Defendant have and recover such other and further relief to which it may be justly entitled.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By:     _/s/ Christopher W. Martin_
        Christopher W. Martin
        Texas bar No. 13057620
        Email: martin@mdjwlaw.com
        P. Wayne Pickering
        Texas bar No. 15975030
        Email:  pickering@mdjwlaw.com

808 Travis Street, 20th Floor
Houston, Texas  77002
(713) 632-1700 (Telephone)
(713) 222-0101 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 12th day of January, 2017, a true copy of this document was electronically filed and that the counsel of record noted below was designated as counsel to receive electronic service of all instruments filed herein, **per the Texas 2014 mandatory electronic filing rules**.

David DeGroot
THE DEGROOT LAW FIRM, PLLC
3827 N. 10th Street, Suite 304
McAllen, Texas 78501
[T] (956) 627-2787
[F] (956) 627-4363
**Counsel for Plaintiff**


*/s/ P. Wayne Pickering*
P. Wayne Pickering